Elizabeth Bass Golding, J.
This proceeding was instituted by the petitioner husband for the modification of a Mexican judicial decree because of an alleged change of circumstances.
Initially, in an action for separation in the Supreme Court of Nassau County, Mr. Justice Frank A. Gulotta made an order dated January 11, 1965, directing the petitioner husband to pay $35 per week for the support and maintenance of two children of the parties, Russell Jr. and Christine. Said order specifically decreed no support for the oldest child, Janet, due to her emancipation. Thereafter the petitioner husband instituted an action for divorce in the Third Civil Court, District of Bravos, Chihua *602 hua, Mexico, and obtained a decree on May 28,1965, which decree “ approved and incorporated by reference ” the said order of Mr. Justice Q-xjlotta which “ is not merged herein but shall survive the decree ”. In addition thereto the petitioner husband agreed to pay $5 more per week for the support and maintenance of the said two infant children, which made the total payment $40 per week.
The petitioner husband comes before this court to modify said Mexican decree, claiming that his son Bussell J. Fauser, Jr., age 17 years, has become emancipated, having enlisted in the United States Marine Corps in December, 1965 with the consent of both parents and is now stationed at Parris Island, South Carolina.
The waging of armed conflict, whether declared or undeclared, and the voluntary induction of military conscription of our infant sons or daughters, pose the question of whether their entry into the armed services is tantamount to emancipation. This question is not novel since it has been answered during our two great wars and now comes to the forefront because of the Viet Nam “ conflict ”.
“ As the term ‘ emancipation ’ is generally used, it refers to emancipation by the parent before the child reaches the age of majority, and is concerned with the extinguishment of parental rights and duties as well as the removal of the disabilities of infancy. Emancipation may be complete, as where there is a complete severance of parental relationship, or in one sense it may be partial, as where the parent merely relinquishes his rights to the services and earnings of his child.
“ What constitutes emancipation is a question of law, but whether there has been an emancipation is ordinarily a question of fact.
“It is well settled that a parent may emancipate his infant child. Such emancipation may be effectuated by the express consent of the parent, or it may be implied from the surrounding-circumstances which indicate satisfactorily the intention to emancipate the child”. (15 N. Y. Jur., Domestic Relations, § 432.)
‘ ‘ A minor who, with the consent of its parents, enlists in the military or naval service of the government is emancipated as long as such service continues. The period of its emancipation ceases, however, with the period of its service. The reason for this rule is that enlistment gives rise to a new relation inconsistent with subjection to the control and care of the parent”. (67 C. J. S., Parent and Child, § 88, p. 814.)
A child is emancipated by operation of law upon reaching the age of majority, but is not emancipated by operation of law by *603 Ms induction into the armed forces and is considered in a state of emancipation while performing his military service. (Wack v. Wack, 74 N. Y. S. 2d 435; Hardwood v. Hardwood, 182 Misc. 130, affd. 268 App. Div. 974.)
Once the infant is discharged, either by termination of his enlistment, disability or otherwise and is still under the age of majority, whether he continues his emancipation is solely within his control. He can continue this period of emancipation by remaining self-supporting and not submitting himself to the care and control of his parents. He may revert to his unemancipated status and be dependent upon his parents for his support until he becomes re-emancipated or reaches his majority.
Induction of the infant son, Bussell J. Fauser, Jr., herein into the armed forces results only in a suspension of any right the father and mother may have to their son’s services while the Nation exercises its superior right to the infant’s services. (Hardwood v. Hardwood, supra, p. 730.)
The cases in New York which hold that induction of a child into military service of his country does not emancipate the child nor relieve the father of the obligation to support the child while the child is in military service are dealing with contractual obligations resulting from separation agreements, in which the parties failed to provide for such contingency and the court would not and could not rewrite the agreement. (Hardwood v. Hardwood, supra; Wack v. Wack, supra; Eisenberg v. Eisenberg, 59 N. Y. S. 2d 534.)
The court speaking in the Hardwood case (supra), draws a distinction between a contractual obligation assumed by the father under a separation agreement and the same obligation resulting from a judicial decree of support. In the former, the court would not give the father more relief than he had agreed to, but the court in the judicial decree could give relief through a modification because of a change of circumstance.
Petitioner husband herein is before the court after he and respondent ex-wife consented to the entry into military service of their infant 17-year-old son. It should be noted that the obligation of the petitioner for the support of Ms children was originally stated in the order of Mr. Justice Fbaxk A. Q-ulotta, which allows for a reduction of the support by the emancipation of a child. The said order had been incorporated by reference into the Mexican divorce decree, to survive said decree, although having been modified by increasing the amount of support for said children. Since the support had been fixed both by judicial order and by Mexican decree and there does exist a change of circumstance which developed when the son entered the military *604 service, this court finds that Bussell J. Fauser, Jr. has been emancipated and orders that support payment of $20 per week be and the same is hereby suspended as of the date he was inducted into service.