Stanley Gartenstein, J.
The within proceeding under article 4 of the Family Court Act reaches the court on the bizarre theory that what has been adjudicated by a court of competent jurisdiction can be effectively reversed in the very same court, by a unilateral act of questionable ethics by the culpable party.
Bach party herein is both a petitioner and respondent in separate proceedings. The terms ‘1 husband ’ ’ and ‘ ‘ wife ’ ’ will be used for purposes of clarity.
On December 4, 1972, an order of this court was entered after hearing at which the husband was represented by counsel, adjudging the wife to be entitled to support from the husband on a means basis. The petition alleged that the husband had threatened to kill the wife. The husband was then unemployed and receiving workmen’s compensation from which he was ordered to pay the rent and buy food for the household. The wife was then employed and for all intents and purposes was supporting the infant daughter of the marriage. Apparently, even this minimal order could not exact compliance from the husband.
*285 Nothing has changed in the circumstances of the parties except that the husband who then received workmen’s compensation is now supplemented by public assistance in addition to these payments. The wife now has two jobs in an effort to support herself and the child while the husband relaxes, content to await the largesse of these payments. He apparently makes no effort to obtain employment.
The husband now petitions for an order of support compelling the wife to support him. He does so under section 415 of" the Family Court Act which provides that a spouse (husband or wife) may be ordered to support the other spouse who is receiving public assistance. Thus, by doing absolutely nothing, the husband not only thwarts the order of this court but also seeks to effectively reverse its prior decision in favor of the wife. The result is unconscionable and potentially devastating to the proper functioning of the court.
It is noted that in the recodification of the predecessor statutes to section 415, the former provision requiring the court to make an order thereunder which was mandatory was made discretionary. It is appropriate to quote the reasoning of the drafters of this statute in connection with making this a discretionary statute: ‘ ‘ This change is designed to permit the court to avoid such injustices as compelling a daughter raped by her father to support him on his release from the imprisonment that followed the conviction of rape.”
The court holds as a matter of law that it will not exercise discretion under section 415 in favor of a culpable party in any instance where the issues have already been resolved in favor of the party now sought to be charged. Justice and equity will not permit a culpable party to succeed in litigation which seeks to overturn a prior decision on the merits especially where ■ he enters said litigation without any scintilla of demonstrable good faith.
Petition dismissed.