Stanley Gartenstein, J.
The within proceeding framed under article 4 of the Family Court Act considers a newly emerging field of law, that of a child’s right, as a litigant, to an order of support from a parent. When this issue is presented, the court often finds itself not in the midst of adjudicating fault (if such a concept really exists) as occurs between litigating spouses, but "fault” as a relative matter often resulting from a lack of communication between parent and child concerning conflicting values. Understandably, the law in this field is sparce.
The petitioner, soon to be 19, is the daughter of respondent. She is a public charge and seeks support from her father who *915 is now married for the third time. Petitioner who never knew her mother, resided with respondent and his second wife until they were divorced, and thereafter, with respondent and his third wife until May 28, 1974 when she left after an argument. She now resides with her father’s divorced second wife. By her own testimony, she left school at 17 in December of that year because she was "nervous”. She has had two jobs in the interim, one lasting two days, another three. She left this latter job voluntarily because she was "nervous”. As a public charge, she reports weekly to the employment office and testified that she does not go out to look for a job because she is "afraid” to work but does not know the source of her fears. In the entire interval, she did not receive psychiatric care or consult a psychiatrist. She admits having taken LSD while living in her father’s home but denies using any drugs since then.
The court finds from the testimony concerning a precipitating incident on Mqy 28, 1974, that petitioner left her father’s home voluntarily and without justification by opening the window of her room and dropping out a bag of clothes. The trial court has had the advantage of seeing the parties in person and their reactions to each other and to counsel and the court. It observes a father, certainly not perfect or without his own weaknesses, but concerned nevertheless. The petitioner, on the other hand, manifested open hostility to him, glared in his direction when answering questions which might offend him; and refused to look at him at all other times.
It is well settled that emancipation refers to "an express or implied situation, where it is to be concluded that the parent no longer intends to support the child, while the child is still under his majority. A self-supporting child is an emancipated child.” (Department of Social Servs. v Schultz, 81 Misc 2d 603, 605, citing Matter of Fauser v Fauser, 50 Misc 2d 601; Matter of Hotetz v Hotetz, 60 Misc 2d 271.) The court holds that the support of petitioner by the Department of Social Services after a determination by it that she is an emancipated minor, is no less an emancipator than if this support would have been by way of actual employment. The issue of "self-support” is to be determined on criteria not of actual lack of dependency on any source but on whether or not a child, capable of self-support, elects by word or deed, to look elsewhere for support than to the parent.
In Matter of Roe v Doe (29 NY2d 188, 194), the Court of *916 Appeals, affirming an Appellate Division reversal of an order of support by this court, stated: "True, a minor, rather than submit to what her father considers to be proper discipline, may be induced to abandon the latter’s home; but in so doing, however impatient of parental authority, she cannot enlist the aid of the court in frustrating that authority, reasonably exercised, by requiring that her father accede to her demands and underwrite her chosen lifestyle or as here, run the risk of incarceration.”
We are asked to distinguish this situation from that in Roe v Doe (supra) by the fact that the child receives public assistance and taxpayer dollars are at stake. We can see no distinction justifying the alteration of the equities and findings of relative fault by the fact that the public treasury may be involved. (See Matter of Ross v Ross, 75 Misc 2d 284.)
We are aware of the holding of our brother in Department of Social Services v Schultz (81 Misc 2d 603, supra) which involves reimbursement for public support of a child as against the parent. Faced with a proceeding by the Department of Social Services for relief in a situation of first impression in this State, that court granted same basing its opinion on a Wisconsin case. (Niesen v Niesen, 38 Wis 2d 599.) In the matter before us, even assuming our agreement with Schultz, the instant application has been brought by the child and regardless of the ultimate source of her current support, involves equities only between the litigants. It mystifies the court why the Department of Social Services which has the statutory right to be heard as a litigant in its own right, elects to hover in the background expecting the court to treat litigants differently and weigh equities differently simply because it has an interest which it does not choose to enforce directly. The court will not be a party to this charade.
Inasmuch as the holding in Schultz is distinguishable, it is unnecessary to consider whether or not the court adopts the reasoning therein.
The petition is dismissed on its merits.