OPINION OF THE COURT
Andrew P. Bivona, J.
The above-named petitioner filed two petitions, both sworn to on June 21, 2001. The first petition seeks to enforce a judgment of divorce dated June 21, 1996 and the second petition al *291 leges that the above-named respondent is chargeable with the support of Michael T. Crimmins born July 23, 1981.
Respondent appeared before a hearing examiner of this court to answer the petition and to show why an order of support and other relief prayed for in the petition should not be granted and was advised of the right to counsel.
Respondent denied the allegations of the petition and the matter came on to be heard before a hearing examiner of this court. The hearing examiner made findings of fact and entered a final order wherein the petition for enforcement of the judgment of divorce was dismissed with leave to refile and the child support was set in the amount of $100 per week.
Specific written objections to said order of support were timely filed with this court by petitioner after entry of said order. The respondent filed a rebuttal. This court reviewed the objections filed herein, the tape recording of the proceeding before the hearing examiner and the contents of the court’s file.
Now, after examination and inquiry into the facts and circumstances of the case, it is hereby ordered that the objections are denied.
The parties hereto were married and had one child, to wit: Michael T. Crimmins born July 23, 1981. They subsequently decided to divorce and on May 3, 1996 entered into a stipulation of settlement which was incorporated but not merged into their judgment of divorce dated June 21, 1996. Child support, maintenance, and health and life insurance issues were all disposed of by the parties’ stipulation. Payment of the health and life insurance hinged on whether or not the child Michael was emancipated.
At the time of the divorce, the respondent was employed by the New York City Transit Police. He has subsequently retired and currently works security jobs for income in addition to his pension income. His 2000 adjusted gross income, as reported on his federal tax return was $46,032. The hearing examiner determined that a child support order pursuant to the Child Support Standards Act guidelines would have been $140 per week but found that based on Michael’s ability to earn money plus the respondent’s contributions to Michael’s expenses, a deviation from the Act was justified.
The petitioner receives Social Security disability. It appears that her total income for the year 2000 was $31,669. This income consisted of Social Security disability ($14,898), her *292 Majuskas share of the respondent’s pension ($8,482), ordinary-dividends ($1,074), and capital gain ($7,215).
In January 2000, an order was entered in the Family Court on the consent of the parties whereby Michael was declared emancipated. Evidently, Michael moved out west to explore his options but in December 2000, he returned home to live with the petitioner bringing with him many unpaid bills. At some point he also received a conviction for a driving while intoxicated related offense. Both parents have contributed to paying for Michael’s bills, court costs, etc.
In November 2001, Michael had an emergency appendectomy and there are issues regarding whether or not the health insurance would be reinstated and would pay the hospital and medical bills. Mr. Crimmins testified that it was his understanding that the health insurance would be reinstated and the hospital would be paid. Evidently, there was still an issue as to whether or not the doctor would be fully covered as he was not a participating provider.
The issues presented on this objection as framed by these parties are:
(1) Once there is an emancipation, can a child then be declared unemancipated?
(2) If the child can be declared unemancipated and child support reordered, is the amount of support pursuant to the parties’ agreement or is child support set pursuant to the Child Support Standards Act?
The parties’ stipulation provided that the respondent would pay child support in the amount of $1,000 per month and pay for health insurance benefits for Michael until such time as Michael was emancipated. It further provided that emancipation would be “defined as 21 or sooner emancipated, pursuant to the laws of the State of New York.” (Transcript at 4 line 20.)
By order of the hearing examiner dated January 24, 2000, Michael was determined to be emancipated and the support order was terminated. No appeal was taken from this order. It is therefore apparent that the support obligation pursuant to the parties’ agreement as set forth in their stipulation had terminated. However, under New York State law, parents are liable for the support of their children under the age of 21 years (Family Ct Act § 413). This is an obligation separate and distinct from the parties’ obligation under their stipulation (Family Ct Act § 416). Thus the Court of Appeals held in Matter of Boden v Boden (42 NY2d 210, 212):
*293 “A husband and wife, in entering into a separation agreement, may include in that agreement provisions pertaining to the support of the children of their marriage. The terms, like any other contract clauses, are binding on the parties to the agreement. The child, on the other hand, is not bound by the terms of the agreement and an action may be commenced against the father for child support despite the existence of the agreement.” (Citations omitted.)
In Matter of Brescia v Fitts (56 NY2d 132), the Court of Appeals further distinguished the obligation to support one’s children from the contractual terms of a separation agreement when it determined the “child’s right to receive adequate support” cannot be defeated by the existence of a separation agreement. As applied to the circumstances of this case, it is apparent that even though the parties agreed that at one point their son was not entitled to receive child support under their agreement, when the young man’s circumstances changed so that he could not adequately support himself, as he was under the age of 21 years his parents were again obligated to support him despite the termination of the support obligation under their agreement.
The issue of parental liability for the support of children between the ages of 18 years and 21 years is a thorny one and presents many problems for parents and the court system as the lives of young people are often in a state of flux during this time period. They are not children but they are not usually capable of being fully self-supporting. Some are attending schools of higher education, some are in the military service and some attend the “school of life,” eager to be independent but not yet able to do so and often forced by circumstances to return home after a fledgling attempt to establish themselves in the world. An intact family usually welcomes the wayward soul home and continues to nurture him or her until finally ready to assume full responsibility for themselves.
In Matter of Alice C. v Bernard G.C. (193 AD2d 97, 105), it was recognized that:
“Despite the fact that parents have a continuing obligation to support their children until they reach the age of 21 years, it is beyond cavil that emancipation of the child suspends the parent’s support obligation. Children are emancipated if they become economically independent of their parents through *294 employment, entry into military service, or marriage, and may also be deemed constructively emancipated if, without cause, they withdraw from parental control and supervision” (emphasis added).
The key word articulated by the Court is “suspends.” Thus, while during a period of emancipation the parents’ support obligation for the child is suspended, once that period of emancipation ends the parents’ support obligation is reinstated.
In cases involving military service the courts have clearly stated that when a young person is in active service to our country that he or she is in a “state of emancipation.” At the conclusion of that service,
“whether he continues his emancipation is solely within his control. He can continue this period of emancipation by remaining self-supporting and not submitting himself to the care and control of his parents. He may revert to his unemancipated status and be dependent upon his parents for his support until he becomes reemancipated or reaches his majority.” (Matter of Fauser v Fauser, 50 Misc 2d 601, 603.)
It is apparent that many young people, eager to be independent, try their fortune in the world only to find that they were not prepared to be self-supporting. They then return to their homes to be supported by their parents again. This is certainly the case here. This is not a case where the young person seeks to have a parent support a lifestyle inconsistent with parental authority and control (Matter of Roe v Doe, 29 NY2d 188) or has “abandoned” the parent and the state seeks reimbursement for monies expended to support the young person (Matter of Parker v Stage, 43 NY2d 128). Here one parent recognizes the obligation to support the older child that has had a temporary setback in becoming self-sufficient and is asking the other parent to share in that obligation.
Accordingly, this court finds that the respondent’s obligation to pay child support pursuant to the parties’ stipulation of settlement was terminated by the acts of emancipation as no provision was made for reinstatement of the support provisions if the emancipation was temporary. However, there still exists the independent duty to support children under the age of 21 years pursuant to the Family Court Act. Although the child support order set by the hearing examiner was less than a guidelines order under the terms of the Child Support Standards Act, the hearing examiner articulated a legitimate basis *295 for deviation from the Act. Therefore the objection must be denied.