■ In the Matter of Karen Rankin, by Marion Ritter, Her Mother and Natural Guardian, Petitioner, v Abe Lavine, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination unanimously modified in accordance with memorandum and, as modified, confirmed, without costs. Memorandum: Petitioner Karen Rankin, by her mother Marion Ritter, commenced this article 78 proceeding seeking to reverse respondent's, Abe Lavine, State Commissioner of Social Services, affirmation of the decision of the Monroe County Department of Social Services which denied petitioner's application for public assistance for her unborn child and herself. It was established at the fair hearing that the 18-year-old petitioner applied to the Monroe County Department of Social Services on February 19, 1974 for public assistance in the category of aid to families with dependent children. Mrs. Rankin was more than four months' pregnant, had no other children, and was living at her marital address on Sherman Street in Rochester. Her husband had abandoned her on February 8, 1974 and efforts to locate him were unavailing. She testified that because she did not have the money to pay her rent, she had moved back into her parents' home. The earliest date indicated for the resumption of her residency at her parents' home is shown in the "Relative Resource Statement" dated March 22, 1974 submitted to the county agency by her father, Philip J. Ritter. In the statement he shows Karen to be a member of his household of five persons, "This is counting Karen" as of the date of the statement. Mr. Ritter's net monthly income demonstrated that he was responsible for Karen's support because his net income exceeded the amount set as the

maximum qualifying level for a family of five persons (18 NYCRR 352.14). On May 9, 1974 respondent Lavine issued a fair hearing decision which affirmed the local agency's denial of public assistance. Respondent Lavine's decision found petitioner still to be the responsibility of her parents since she was residing with them. Respondent also held that petitioner did not qualify under 18 NYCRR 349.5 to be an emancipated minor. Respondent further found that petitioner's parents were *not* obligated to support petitioner's unborn child since "that child has no present needs". Several points are raised on this appeal. Petitioner contends that the fair hearing decision should be reversed because it was not supported by substantial evidence and because she was qualified for public assistance as an emancipated minor. Petitioner also argues that her unborn child has needs independent of its mother and that petitioner was eligible for assistance for her unborn child's needs. The case law and longstanding public policy make it clear that marriage of a minor works an emancipation because the new relationship gives rise to privileges and responsibilities inconsistent with the subjection of the minor to the control and care of the parent *(Cochran v Cochran,* 196 NY 86). Such is not determinative, however, when considering an application of an emancipated minor for public assistance. That application must be governed by the statutes and regulations controlling the right to obtain such assistance. Section 101 of the Social Services Law (as amd) provides that: "A parent shall be responsible only for the support of a child *under the age of twenty-one years"* (eff Sept. 1, 1974; emphasis added). The regulation which establishes the right of an emancipated minor to public assistance is as follows: 18 NYCRR 349.5 Emancipated Minor. "(a) A grant of public assistance or care may be made to an *emancipated minor* in his own right if he is otherwise eligible. For this purpose an *emancipated minor* shall mean a person over 16 years of age who has completed his compulsory education, who is *living separate and apart from his family* and is not in receipt of or in need of foster care" (emphasis added). There was substantial evidence at the fair hearing to prove that petitioner's father was contributing to her support "when possible" and that "she is presently being fed at my residence". Since petitioner moved back into her parents' household, she was *not* living "separate and apart" as required by section 349.5. We conclude therefore, that respondent properly denied petitioner's application for public assistance for herself and that such determination was supported by substantial evidence in the record. We further hold, however, that petitioner was improperly denied assistance for the needs of her unborn child. In determining the financial need of an applicant for aid to dependent children for the purposes of eligibility for assistance, "An unborn child shall be considered as a child living with one or both parents when the mother's pregnancy has been determined by medical diagnosis" (18 NYCRR 369.2 [a] [1]). Similarly with regard to medical assistance, the regulations provide: "In determining the net available income of a family household in which there is a pregnant woman, such family household shall be considered as increased by one person from the fourth month of pregnancy which has been medically verified" (18 NYCRR 360.5 [g]). A minor recipient of ADC over 16 may be designated the grantee for an unborn child, and the unborn child designated as a dependent child. The effect of these regulations is clear. An unborn child is seen as a dependent child according to the State regulations. For the purpose of granting aid to dependent children benefits, the unborn child is entitled to the same assistance as is given dependent children after birth (18 NYCRR 352.2 [b], 369.1 [b], 369.2 [f] [4] [iv], 369.3 [a] [5]). Assistance for an unborn is not restricted to those pregnant women already receiving

assistance. As we wrote in *Matter of Boines v Lavine* (44 AD2d 765, 766, mot for lv to app den 34 NY2d 519, cert den 419 US 1040): "The legislative and departmental regulations recognize that unborn children have needs separate and independent from those of its mother" and that the mother "was entitled to an aid for dependent children grant to meet the needs of her unborn infant although she was not a recipient of public assistance". We do not believe that *Burns v Alcala* (420 US 575) compels a different result. That case merely held that the States are not required to offer welfare benefits to pregnant women for their unborn children in order for them to qualify to receive Federal financial aid under the AFDC program. The Supreme Court left open the option afforded the States to make provision for assistance to unborn children *(Burns v Alcala, supra,* p 579, n 5; p 584). Further, the respondent State commissioner concedes that New York has taken the option to pay ADC benefits to an unborn child, but merely contends that the unborn child's needs have been met, since March 22, 1974, by its grandparents. We conclude, however, that the petitioner is entitled to assistance for her unborn child from the date of petitioner's application, to the date she received assistance for it. (Review of determination denying public assistance transferred by order of Monroe Supreme Court.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ.