■    In the Matter of CAROL LEIF, Respondent, v MURRAY LEIF, Appellant.—In a proceeding for support pursuant to the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A), the husband appeals from an order of the Family Court, Kings County, dated March 1, 1976, which, after a hearing, awarded petitioner support and a counsel fee. Order affirmed, with costs. The award of $65 per week for petitioner and the parties' child is not excessive in view of petitioner's detailed expenses, appellant's conceded take-home pay of $132 per week and appellant's failure to present evidence to rebut the presumption that he is of sufficient means to support his wife and child (see Family Ct Act, § 437; cf. *Matter of Panek v Panek,* 45 AD2d 712). It is to be noted that petitioner had subpoenaed the financial records from appellant's family business, in which appellant was employed, but the records were not produced. The evidence of alleged misconduct by petitioner, by reason of her five-day absence from the marital abode, is, at best, inconclusive and, in any event, appellant is responsible, as spouse and parent, to support recipients of public assistance (see Family Ct Act, § 415). Under the egregious circumstances herein, the Family Court's refusal to further adjourn the proceeding was not an abuse of discretion. Hopkins, Acting P. J., Martuscello, Damiani and Titone, JJ., concur.

■    In the Matter of ANTHONY NAPOLI, Doing Business as NINO'S HOOPLE HOUSE, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated December 10, 1975 and made after a hearing, which suspended petitioner's special on-premises liquor license for a period of 10 days and imposed a $1,000 bond claim. Determination confirmed and petition dismissed on the merits, with costs. Viewing the record as a whole, the respondent's determination is supported by substantial evidence. Rabin, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.