■ In the Matter of GALE SPOOR, on Behalf of Herself and Her Child and All Other Persons and Unborn Children Similarly Situated, Respondent, v STEPHEN BERGER, as Acting Commissioner of the New York State Department of Social Services, et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered April 15, 1976 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to provide the petitioner with a grant of assistance for her then unborn child. On January 6, 1975 petitioner, who was then pregnant, unmarried and without other children, applied to the Broome County Department of Social Services for public assistance under the Federally sponsored program for Aid to Families with Dependent Children (AFDC). The application was denied upon the ground that the petitioner's parents were supporting her and meeting her needs. Special Term found that while petitioner's parents were required to support her, as grandparents they had no obligation to support a grandchild under New York law. Thus, there was no means available to obtain the items normally required for the child's care until the birth of the child on March 6, 1975. Special Term granted the application on the authority of *Matter of Boines v Lavine* (44 AD2d 765, mot for lv to app den 34 NY2d 519, cert den 419 US 1040), which held that the regulations of the Department of Social Services provide for AFDC payments to unborn children to the extent of unmet financial needs separate and independent of those of the mother. The Court of Appeals in *Matter of Rankin v Lavine* (41 NY2d 911, affg 50 AD2d 1091), has similarly held that the entitlement to benefits on behalf of unborn children is independent of whether or not the parent has unmet needs, wherefore that portion of the order granting the application for benefits must be affirmed. Special Term erred, however, in allowing this action to be brought as a class action by petitioner "on behalf of herself, her unborn child and all other persons in Broome County similarly affected". Because governmental operations are involved, other similarly situated persons will be adequately protected under the principle of *stare decisis (Matter of Martin v Lavine,* 39 NY2d 72). The Court of Appeals stated (p 75): "there is no compelling need to grant class action relief in this case in light of the enormity of the administrative problem which would be posed in implementing this decision and the fact that future petitioners may rely upon our determination herein." Judgment modified, on the law and the facts, by reversing so much thereof as granted class action relief, and, as so modified, affirmed, with costs to petitioner. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.