Allan Dixon, J.
This is a proceeding brought pursuant to section 415 of the Family Court Act by Delia Lee Sevrie to compel her natural father, Louis Sevrie, to contribute to her support. The Rensselaer County Department of Social Services is interested in this matter due to the fact that the petitioner has applied for public assistance for herself and her illegitimate child. The facts of the case are simply stated. The petitioner is a 20-year-old daughter of the respondent by the respondent’s first wife. When this marriage was terminated by decree of divorce dated April 27, 1956, the respondent was ordered to pay $10 per week for the support and maintenance of the infant issue of the marriage. It appears that for more than a decade, the respondent has paid no support to these children and indeed no demand for such support was made upon him. The record indicates that the petitioner left her mother’s home, set up her own residence and acquired gainful employment with a local attorney. The petitioner subsequently became pregnant and gave birth to a child out of wedlock. As previously stated, the petitioner’s application for public assistance is presently pending, and the Rensselaer County Department of Social Services is seeking future reimbursement, at least in part, for any funds subsequently extended to support the petitioner.
In a memorandum of law furnished to the court, counsel for the said Department of Social Services argued that the petitioner was not shown to be an emancipated child and, therefore, the respondent was still liable for her support until she reached age 21. Counsel further argued that should the court find the petitioner to be emancipated, the case of Wayne County Dept. of Social Servs. v Schultz (81 Misc 2d 603) *323 compels a holding that emancipation is personal as between the parties and does not shift the responsibility to support the child from the parent to the public when the child is receiving public assistance. It is clear to this court that the record in this case is insufficient to warrant a finding that the child is emancipated. It is well settled that emancipation must be accomplished by some act of the parent, not the child, and that in order to effectively emancipate his child, the latter must first be under his supervision and control. (Matter of Bates v Bates, 62 Misc 2d 498.) Obviously, this was not the fact in the instant case as the respondent never had custody of the petitioner. Although, it does appear from the record that the petitioner’s mother may, at one time, have effectively emancipated the petitioner, it is clear that the petitioner is again presently living with her mother.
Although, this court does not feel that the record is sufficient to warrant a finding of emancipation, this is not to say that the court must order the respondent to contribute toward the support of his daughter. Section 415 of the Family Court Act clearly makes the support of a spouse or child who has applied for public assistance a duty which may be imposed or excused in the discretion of the court. With this in mind, it is the opinion of this court that the case at bar presents "unique circumstances”, which prompt this court in the exercise of its discretion to excuse the respondent from the duty to support this child. As previously stated, the petitioner is 20 years of age and although the duty of support may continue until age 21, the petitioner is no longer a minor in the eyes of the law. Additionally, the record indicates that the petitioner left her mother’s home and engaged in gainful employment returning only after bearing a child out of wedlock. It further appears, that the respondent has had little contact with his daughter and has not contributed to her support for over a decade. Respondent does, however, pay substantial support to his second wife and the children of that marriage. Under these circumstances, this court is of the opinion that it would be unjust to require the respondent to support the petitioner merely because she has applied for public assistance. The mere fact that public funds may ultimately be furnished to the petitioner will not cause this court to alter its view that the respondent should not, in this case, be compelled to pay support. (Cf. Matter of Bickford v Bickford, 83 Misc 2d 571.)
In view of the foregoing, the support petition filed by Delia *324 Sevrie against her respondent father, Louis Sevrie, is hereby dismissed.