Julian A. Hertz, J.
The court has before it a support petition brought by a 19-year-old against her mother. The daughter has moved out of her mother’s home because the two do not "get along”. The child’s father is deceased.
Since petitioner left home, the respondent has moved into an apartment where there is no room for her daughter. Neither the mother, nor the daughter expresses any inclination to be reunited in a single household. Although Darene is seeking work, she is, at present, unemployed. She is renting an apartment for $38 per week and her declared living expenses total $63 per week. Thus, the daughter is in the category of "a recipient of public assistance or care or * * * a person liable to become in the need thereof’ within the meaning of section 415 of the Family Court Act. (There is some indication in the record that Darene is already receiving public assistance although that help should be unavailable to her until an order has issued from the Family Court under a proceeding for support against her mother.)
Section 415 of the Family Court Act provides: "The spouse or parent of a recipient of public assistance or care or of a person liable to become in need thereof * * * if of sufficient ability, is responsible for the support of such person * * * provided that a parent shall be responsible only for the support of his child or children who have not attained the age of twenty-one years.” The same purpose is expressed in section 101 of the Social Services Law. These statutes are founded in the idea that a parent should not be free to avoid all financial obligation to his or her child by simply letting that child become a public charge. The Court of Appeals has said concerning spousal support: "If the husband’s home is not open to the wife, then he must provide for her support elsewhere” (People v Schenkel, 258 NY 224, 228). The same is surely true of the parent-child situation. "The whole concept behind this *560 [public-charge] type of law is the protection of the public purse”. (Anonymous v Anonymous, 41 Misc 2d 533, 534.)
The second sentence of section 415 makes it discretionary with the court to set a "fair and reasonable amount” to be paid by the parent(s) (or spouse) and to apportion the support costs among relations. There is nothing in the first sentence of section 415 which qualifies the duty to contribute to the child’s support if the parent is of "sufficient ability”. Other courts have so held (Bickford v Bickford, 55 AD2d 719; cf. Campas v Campas, 61 Misc 2d 49, concerning spousal support). In a public charge case, a parent who fails to provide a home for his or her child merely because they do not get along should be required to make a contribution.
The facts in this case are distinguishable from those in the cases such as Roe v Doe (29 NY2d 188) and of Parker v Stage (55 AD2d 662). In those cases the child had voluntarily left the parental home against the wishes of the parents to avoid parental authority. In such circumstances the child was held to have abandoned the right to support. In the case at bar, the daughter left home with the acquiescence of, if not the encouragement of, her mother. The court, therefore, feels that respondent should be primarily responsible for her daughter’s support and not the taxpayers.
The question of what amount the respondent should be required to contribute toward her daughter’s support is a second issue. The statutory standard is a "fair and reasonable sum”. (Family Ct Act, § 415.) The respondent’s expense and earning statement indicates a weekly net salary of $152.16 and a total weekly expense of $169. The record also indicates that she is in debt in an amount in excess of $3,800. The nature of the debt was not made clear, but reference was made to department store items.
In the past, the situation of requiring support for a person who is a public charge has arisen more frequently in the instance of parties who are spouses. Concerning the quantum of spousal responsibility: "The means of the husband are not normally at issue since in [the public-charge] type of proceeding, he is not obligated to support the wife to the best of his ability, but is required only to indemnify the community from expenditures of public funds.” (12 Zett — Edmonds—Buttrey— Kaufman, NY Civ Prac, § 9.02, par [1]; see, also, Wax v Wax, 275 App Div 845; Sternheim v Sternheim, 174 Misc 574.) The same considerations apply concerning child support. The Ap *561 pellate Division has held, that in a section 415 proceeding, "the support obligation is paramount over other debts” although the support order should not be harsh. (Schleimer v McMillan, 54 AD2d 701, 702.) In particular circumstances the Appellate Division has approved an order for a $65 per week support payment where the respondent had a weekly take home income of $132 per week. (Leif v Leif, 55 AD2d 679.)
This court concludes that the respondent is of sufficient ability to assist in her daughter’s support. The fact that mother and daughter do not get along should not throw the entire burden of this girl’s support on the public. With a weekly take home pay of just over $150, the respondent may not excuse herself from providing a home or assuming part of the support responsibility. A contribution of $30 per week is fair and reasonable under these circumstances.