■ In the Matter of ALICE SANDERS, Individually and on Behalf of PAUL SANDERS, Her Infant Child, Respondent, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, Appellant, et al., Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the appellant State commissioner, dated March 14, 1975 and made after a fair hearing, which affirmed an order of the local agency denying petitioner's application for public assistance on behalf of herself and her then unborn child, the appeal, as limited by appellant's brief, is from so much of a judgment of the Supreme Court, Nassau County, entered April 30, 1976, as (1) annulled that portion of the determination which denied petitioner's application for public assistance on her own behalf and (2) ordered the county commissioner to conduct further investigation to determine, on the basis of her income and financial resources, petitioner's eligibility for assistance on her own behalf. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and the portion of the determination under review is confirmed. Petitioner was a married pregnant woman separated from her husband and living with her parents. On January 14, 1975 she applied to the Nassau County Department of Social Services for public assistance in the categories of aid to families with dependent children and Medicaid, on behalf of herself and her then unborn child. Since petitioner's application revealed that she was a minor living with her parents, the agency had her father fill out a medical assistance questionnaire. His answers revealed that his net income exceeded the amount set as the maximum qualifying level for a family of three persons. In the determination under review appellant affirmed the local agency's denial of public assistance to petitioner. Special Term ruled in petitioner's favor and found that since petitioner was emancipated, there was no requirement for her parents to support her or her unborn child. Although petitioner was entitled to public assistance on behalf of her unborn child (see *Matter of Catoe v Lavine,* 51 AD2d 545), we hold that petitioner's emancipation did not relieve her parents from continued responsibility for her support. Subdivision 1 of section 101 of the Social Services Law provides that "a parent shall be responsible only for the support of a child under the age of twenty-one years." This statutory obligation imposed by the Social Services Law supersedes the common-law rule which relieves parents of the duty of support upon the emancipation of their child (see *Matter of Rankin v Lavine,* 50 AD2d 1091, affd 41 NY2d 911; *Matter of Bickford v Bickford,* 55 AD2d 719; *Matter of Edwards v Travis,* 89 Misc 2d 1076, affd 57 AD2d 687, mot for lv to app den 42 NY2d 805; *Matter of Spoor v Berger,* 57 AD2d

685; 1975 Opns Atty Gen 180). Accordingly, appellant properly denied petitioner's application for public assistance for herself. Damiani, J. P., Hawkins, Suozzi and O'Connor, JJ., concur. [87 Misc 2d 379.]