OPINION OF THE COURT
Allan Dixon, J.
The issue before this court is whether, under the circumstances, and in light of Matter of Parker v Stage (43 NY2d 128), the respondent (father) should, in the court’s discretion, be relieved of his support obligations to the petitioner (his daughter). Stated another way, has the petitioner by her actions, emancipated herself and thereby relieved the respondent of any obligation of support?
The relevant facts produced at the fact-finding hearing are as follows:
The petitioner, respondent’s daughter, age 19, is currently a *912 full-time student at a local community college as well as a participant in a local work relief program. At the time of her parents’ divorce, she was placed in the custody of her mother. Since April, 1977, the petitioner has been living with her paramour by whom she has an infant daughter. Since November, 1977, the petitioner has been receiving public assistance. The petitioner testified that the public assistance money is used to pay her share of the rent and utilities. Until April, 1977, the petitioner and her baby lived with the petitioner’s mother and siblings of the petitioner. The petitioner and her mother both testified that the reason the petitioner and her baby moved was because there was not enough money or room for all of them to continue living together, and that the petitioner left with the consent of her mother. Testimony was also introduced that the respondent had supported the petitioner until her 18th birthday, but then stopped making support payments. The court has also taken judicial notice of the fact that the respondent had done the same thing when his older son had reached 18, and that the respondent was subsequently compelled by the court order to continue support for his son until the age of 21 or emancipated. There was no evidence introduced that the respondent took any interest in the petitioner beyond providing for support. In fact, there was testimony to the effect that the respondent was not aware for some time that his daughter was pregnant. It also bears mention that the respondent during the pendency of this action offered to the petitioner’s attorney to again commence his support payments to the petitioner if she would return to the home of her mother or he would provide for her in his home.
The respondent contends that under Matter of Parker v Stage (43 NY2d 128, supra) the respondent should no longer be made responsible for the petitioner’s support, because she has, by her actions, emancipated herself.
This court cannot agree for the following reasons:
In Matter of Parker v Stage (supra), the undisputed proof in the record established that the petitioner had willfully, voluntarily and without good cause abandoned her parent’s home to live with her paramour. The father, on the other hand, had continuously supported the petitioner from birth and had on several occasions urged her to remain at home and to continue school. The respondent was characterized by the court *913 as a "forgiving parent”, who always accepted his daughter back when she would temporarily return from long absences.
The Court of Appeals affirmed the lower courts, holding that under the circumstances the lower courts in exercising their discretion to grant or withhold support could properly refuse to compel the respondent father to pay for the petitioner’s support, when the petitioner chose to voluntarily and without good cause abandon her parent’s home. The court based its holding on Matter of Roe v Doe (29 NY2d 188, 192), where the court held that when a child of employable age "and in full possession of her faculties, voluntarily and without good cause, abandons the parent’s home, against the will of the parent and for the purpose of avoiding parental control she forfeits her right to demand support.” The court went on to recognize that "the father’s obligation to support includes the right to exercise parental control and guidance” (Matter of Parker v Stage, 43 NY2d 128, 132, supra).
Turning again to the instant case, the petitioner could not be said to have voluntarily and without good cause left her parent’s home. In fact, the testimony was to the contrary. The petitioner left because there was not sufficient room or money to permit her to stay. Furthermore, no evidence was introduced that the petitioner ever contemplated leaving were it not for the lack of money and room. There is also no evidence that the petitioner is not still subject to the exercise of parental control and guidance even though she is living outside of her parent’s home. Finally, the Court of Appeals in Matter of Parker v Stage (supra, p 134) emphasized that Parker was "not a case of an abandoned child but of an abandoned parent”. The instant case can hardly be categorized as either. The petitioner here did what the situation dictated to the benefit of all concerned.
This case is also distinguishable from Sevrie v Sevrie (90 Misc 2d 321) in that it lacks several of the "unique circumstances” found in that case. Sevrie held that although the petitioner child, of the respondent father, was not legally emancipated the court still could deny the petitioner’s application for support based upon the court’s inherent discretionary power to impose or excuse support obligations under section 415 of the Family Court Act. As a factual matter, the court found in Sevrie that the petitioner left her mother’s home to engage in gainful employment. In the present case, the pe *914 titioner neither is gainfully employed nor did she leave the house for any reason connected with gainful employment.
In view of the foregoing, this court finds that this case is distinguishable on its facts from both Matter of Parker v Stage (43 NY2d 128, supra) and Sevrie v Sevrie (supra) and that the petitioner under the circumstances did not voluntarily and without good cause leave her parent’s home and is not emancipated from her parents. Further this court does not find that the facts of this case are such as would justify the court’s use of its discretionary power under section 415 of the Family Court Act to excuse the respondents from their support obligation.
The court also finds that it would not be practical under the circumstances for the petitioner to reside with the respondent. The respondent currently lives in Gansevoort, New York, some 30 miles north of the City of Troy, where the petitioner attends college. To require the petitioner to move to her father’s home would severely cripple the petitioner’s efforts to attain a college degree. This the court feels would clearly not be in the best interest of the child.
The court finds the respondents chargeable with the support of the petitioner. As to the respondent Joan K. Thompson, it is determined that she is not possessed of sufficient means to be required to pay for the support of the petitioner. The respondent William R. Thompson, shall continue to pay $25 per week for the support, education and maintenance of the petitioner as provided in the judgment of divorce dated April 20, 1973 in an action between the respondents and such payments shall be made to the Rensselaer County Support Collection Unit for remittance to the petitioner.