In the Matter of SUSAN ZEHNER, Appellant, v JOHN FAHEY, as Commissioner of the Albany County Department of Social Services, et al., Respondents.

Third Department, February 15, 1979

**APPEARANCES OF COUNSEL**

*V. Jerome Luhn* for appellant.

*Robert Abrams, Attorney-General (Clifford A. Royael* and *Jean M. Coon* of counsel), for Philip Toia, respondent.

*Philip R. Murray (Stanley G. Walker, Jr., Robert G. Lyman* and *Barbara F. Smith* of counsel), for John Fahey, respondent.

**OPINION OF THE COURT**

SWEENEY, J.

The sole question on this appeal is whether the Department of Social Services can compel a 16-year-old minor who is married and living with her husband to co-operate in filing a support petition against her parents under section 101 of the Social Services Law in order to continue to receive public assistance. Special Term answered this question in the affirmative relying upon our decision in *Matter of Bickford v Bickford* (55 AD2d 719) in which this court held that emancipation alone was not enough to terminate a child's statutory rights to support.

It is petitioner's contention that the recent decision of the Court of Appeals in *Matter of Parker v Stage* (43 NY2d 128) renders *Bickford* invalid as a basis for the decision of Special Term in the instant case. We disagree. In *Parker,* the Court of Appeals recognized the general obligation of a father to support his children until they are 21 years of age and noted that public welfare officials could seek to enforce this obligation if the child has applied for or is receiving public assistance *(Matter of Parker v Stage, supra,* p 133). The court therein determined, however, that this obligation was not absolute and that, pursuant to section 415 of the Family Court Act, a court must exercise its discretion in deciding whether to compel a parent to contribute to the support of a child *(Matter of Parker v Stage, supra,* pp 133, 134). In *Matter of Bickford v Bickford (supra),* this court also recognized the discretion granted pursuant to section 415 of the Family Court Act but found no circumstances presented in that case which would mandate denial of support. Thus, both *Parker* and *Bickford* establish that whether the Department of Social Services can compel a parent to pay for the support of a minor child who is an applicant for or recipient of public assistance is a question for the discretion of the courts pursuant to section 415 of the

Family Court Act. All of the relevant circumstances must be considered.

In the present case, we are concerned with petitioner's right to aid to families with dependent children and whether, as a condition of eligibility for such assistance, an applicant may be required to co-operate with the State and the social services officials in obtaining support payments or any other payments or property due such person (Social Services Law, § 349-b). Whether petitioner would ultimately be entitled to support from her parents is a question to be answered by the court in its discretion pursuant to section 415 of the Family Court Act *(Matter of Parker v Stage, supra,* p 128; *Matter of Bickford v Bickford, supra,* p 719). In order to be entitled to assistance initially, however, petitioner was required to co-operate in filing a support petition against her parents. Since petitioner failed to do so, Special Term properly dismissed her petition. Accordingly, the judgment must be affirmed.

The judgment should be affirmed, without costs.

MAHONEY, P. J., STALEY, JR., MAIN and HERLIHY, JJ., concur.

Judgment affirmed, without costs.