■ In the Matter of COLLEEN THOMPSON, Respondent, v WILLIAM R. THOMPSON, Appellant.—Appeal from an order of the Family Court of Rensselaer County, entered June 26, 1978, which provided that appellant pay petitioner the sum of $25 per week as support. We have recently held that whether the parent of a minor child on public assistance must pay support for that child is a question for the discretion of the court *(Matter of Zehner v Fahey,* 66 AD2d 297; see, also, *Matter of Sevrie v Sevrie,* 90 Misc 2d 321). This ruling complemented an earlier decision of the Court of

Appeals which recognized that a father's general obligation to support his children until they reach age 21 (Family Ct Act, §§ 413, 415; Social Services Law, § 101, subd 1; cf. Domestic Relations Law, § 32, subd 2) may be avoided where the minor child voluntarily abandons the parental household *(Matter of Parker v Stage,* 43 NY2d 128; see, also, *Matter of Roe v Doe,* 29 NY2d 188). In the instant proceeding, the Family Court determined that petitioner had not voluntarily abandoned her mother's home and, considering the circumstances as a whole, exercised its discretion in favor of petitioner's application. The father, a noncustodial parent in accordance with a divorce judgment, has appealed asserting that petitioner has in fact voluntarily abandoned the parental household because she is now living in a meretricious relationship with the father of her infant daughter against his wishes and despite his offer of support if she returned either to his home or to her mother's home. Petitioner is the 19-year-old daughter of the appellant father. Her parents were divorced in 1973 and custody of the couple's four children, now aged 21, 19, 17 and 14, was awarded the mother. Appellant moved to Gansevoort and remarried. Petitioner remained with her mother and siblings in the family's three-bedroom home in Troy. In 1976, petitioner gave birth to a daughter out of wedlock. She continued to reside with her mother and the father of her child also moved in with her there. In April of 1977, petitioner and her companion and daughter moved out of her mother's home to their own apartment with her mother's permission. Petitioner states that she was forced to leave home because of a lack of money and lack of space. Her older brother was away at college, but the two teenage children, her mother, her companion, herself and her child could not manage in a three-bedroom home. Petitioner also asserts that her mother's temporary layoff from work at that time made it economically impossible to stay at home. The record reveals that appellant had stopped support payments of $25 per week for petitioner on her 18th birthday. Her companion is employed, earning approximately $10,200 per year and he provided support for the infant daughter. Petitioner attended community college full time and, in order to meet her portion of rent, utility and food expenses, applied for and was granted welfare assistance in November of 1977.[*] This proceeding to compel support was brought at the instigation of the County Department of Social Services. At the first hearing in this proceeding, appellant offered to resume support if petitioner returned to her mother's home or joined him in his home. Petitioner rejected the offer at that time, but has since returned to her mother's home. This confirms the initial finding of Family Court that petitioner was still subject to the exercise of parental control and guidance, and that she had not voluntarily abandoned her family within the meaning of *Matter of Parker v Stage (supra).* Therefore, since the family relationship upon which the father's support obligation rests continues, his duty of support has not ended. Order affirmed, with costs. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Herlihy, JJ., concur. [94 Misc 2d 911.]

---

[*] The issue of petitioner's original eligibility for welfare assistance considering her residence with the father of her child, his ability and action to support her child, and petitioner's ability to work 16 hours per week for the county as part of the home relief program under which she drew benefits, is not before us in this proceeding and therefore we do not pass upon it.