In the Matter of GEORGE HENRY et al., Appellants, v RUTH A. H. BOYD et al., Respondents.

Fourth Department, March 6, 1984

APPEARANCES OF COUNSEL

*Oak Orchard Legal Services, Inc.* (*Dana Ragsdale* of counsel), for appellants.

*David Baird* (*Thomas Parmele* of counsel), for respondents.

OPINION OF THE COURT

SCHNEPP, J.

The question on this appeal is whether the legal responsibility of petitioners under section 415 of the Family Court Act to support their 17-year-old daughter on public assistance terminates by reason of her marriage (Social Services Law, § 101, subd 1; see, also, Domestic Relations Law, § 32, subd 3; Family Ct Act, § 413). Section 415 of the Family Court Act, where relevant here, provides that the parent of a child under the age of 21 years who is a recipient of public assistance is responsible for that child's support, and that Family Court may "[*i*]*n its discretion* * * * require [the parent] to contribute a fair and reasonable sum for [that] support" (emphasis added). Petitioners

appeal from the denial of their application to terminate their parental obligation based on change of circumstance. Relying on the Court of Appeals decisions in *Matter of Roe v Doe* (29 NY2d 188) and *Matter of Parker v Stage* (43 NY2d 128), they claim that marriage automatically relieves them of any support responsibility since marriage is a status inconsistent with parental control, and they suggest that proof of marriage standing alone shifts the burden to the welfare authorities to establish a viable parent-child relationship. We disagree and hold that under the facts in this case Family Court did not abuse its discretion in refusing to terminate petitioners' obligation to support their married daughter.

The record shows that, due to crowded living conditions, petitioners' unwed pregnant daughter moved out of her parents' apartment and that, after the birth of the child, she and the child became recipients of public assistance. Thereafter, at the insistence of the Department of Social Services, she instituted a proceeding to secure support from her parents. At the support hearing she testified that the putative father of her child is unemployed and in Florida "right now".[1] Furthermore, she expressed an unwillingness to return to her parents' home even if they secured larger quarters. At the conclusion of the support hearing Family Court determined that petitioners were chargeable with their daughter's support and adjourned the proceeding to fix the amount of that support. A few days later petitioner George Henry signed an agreement with the agency to pay a weekly sum to it for his daughter's support. Before the adjourned date, however, the daughter married the putative father of her child and petitioners then brought the within proceeding to terminate their support obligation. On the adjourned date of the support proceeding petitioners argued that the marriage is per se a change of circumstance warranting termination of their obligation to support and declined to offer any proof on behalf of their petition. The agency, although conceding the marriage, opposed the application. Family Court decided the issue "upon the papers", found that the daughter

---

1. Apparently there is an order of filiation entered against the putative father who had not, as of the date of the support hearing, contributed to the child's support.

by her conduct did not voluntarily abandon her parents and that she continues to be subject to the exercise of parental control and guidance, and dismissed the modification proceeding. The court explained that no new evidence had been submitted "to require the court tó revise its prior findings" that "the separation of [the daughter] from her parents * * * was agreed to by the parents and assisted in by the parents and that the parents continue to be responsible for [her] support after the separation."

We start our analysis with an examination of the Court of Appeals decision in *Matter of Roe v Doe* (29 NY2d 188, *supra*). In that case, the court recognized the fundamental State policy that the father of a minor child is chargeable with the discipline and support of that child (Family Ct Act, § 413), but found that the child's right to support and the father's right to exercise parental control and guidance are reciprocal. Thus, the court held that "where * * * a minor of employable age and in full possession of her faculties, voluntarily and without [good] cause, abandons the parent's home, against the will of the parent and for the purpose of avoiding parental control she forfeits her right to demand support" (*Matter of Roe v Doe, supra,* p 192). The decision in that case rested, not on any statutory exception to the mandatory obligation imposed on the father, but "on the State policy of fostering 'the integrity of the family' by precluding the courts from interfering in the special relationship between parent and child, absent 'a showing of misconduct, neglect or abuse.'" (*Matter of Parker v Stage,* 43 NY2d 128, 132, *supra,* quoting *Matter of Roe v Doe, supra,* pp 191, 194.)

In *Matter of Parker v Stage (supra)* the question arose whether a different policy applies when a suit is brought by a public welfare official to compel a father to support a child who would otherwise become a public charge. Distinguishing *Matter of Roe v Doe (supra)* on this ground, the Commissioner of Social Services argued that when "suit is brought by a social welfare official pursuant to section 101 of the Social Services Law[2] the duty to support 'is absolute upon a showing of sufficient ability [to pay] on the part of

---

[2] Section 101 (subd 1) of the Social Services Law provides that the parent of a child under 21 who is a recipient of public welfare is responsible for the child's support.

the parent'" (*Matter of Parker v Stage,* 43 NY2d 128, 132, *supra*). The Court of Appeals disagreed and, reiterating that a "father's obligation to support includes the right to exercise parental control and guidance even though the child may be old enough 'to elect not to comply'" (*Matter of Parker v Stage, supra,* p 132), ruled that the obligation of a father to support his children until they are 21 years of age under the law is not absolute. Where a minor voluntarily chooses to leave home and to live elsewhere against the wishes of the parent and the parent has neither abused the child nor made unreasonable demands on her, the court said that the parent cannot be compelled to pay for the child's support, notwithstanding the fact that the child receives public assistance. The court explained that it "cannot agree with the commissioner that whenever an older child chooses to leave home, for any reason, the parents must pay for the child's separate maintenance, or contribute support, if the child applies for public assistance. The courts must still consider the impact on the family relationship and the possibility of injustice in the particular case. Of course the fact that the child is eligible for public assistance may * * * permit her to avoid her father's authority and demands however reasonable they may be. But it does not follow that the parent must then finish what has been begun by underwriting the lifestyle which his daughter chose against his reasonable wishes and repeated counsel." (*Matter of Parker v Stage, supra,* p 134.)

*Parker* (*supra*) involved a father who neither abused his daughter nor placed unreasonable demands upon her, thus driving her from her home, nor did he encourage her to leave in order to have the public assume his obligation of support. The proof established that he continuously supported his daughter, urged her to remain at home and continue her schooling and always accepted her back after her absences. The court concluded that under these circumstances, "the courts below could properly refuse to compel [the father] to pay for [his child's] support" (*Matter of Parker v Stage, supra,* p 135).

Thus, it is apparent that under the *Parker* decision the *Roe* rule applies not only to a proceeding brought by a child

for support (Family Ct Act, § 413), but also to a proceeding brought by the commissioner for contribution toward support (Family Ct Act, § 415). These cases are authority for the proposition that a child who abandons the parents' home against the parents' will and to avoid parental control forfeits the right to demand support and cannot enlist the aid of the Department of Social Services to frustrate reasonable parental authority.

Applying this principle of law to this case, it is clear that petitioners' daughter did not voluntarily and without good cause abandon her parents' home to have her child, and thereby forfeit her right to support. As Family Court found, her separation from her parents was agreed to by the parents and assisted in by the parents because the parents' apartment was not large enough to accommodate the entire family. It is the daughter's subsequent marriage which is the sole basis of petitioners' claim on this appeal that their parental responsibility to support ceases to exist.

In the absence of section 415 of the Family Court Act petitioners' argument would have merit, since the rights and obligations which accrue on marriage are at variance with substantial pre-existing parental rights (*Cochran v Cochran,* 196 NY 86, 88). A "parent has the right to custody, control and services of the minor child * * * [but a] wife has the right to the society and companionship of and support by the husband." (*Wolf v Wolf,* 194 App Div 33, 34.) When such rights of parent and spouse conflict, the Court of Appeals has said that the former must yield to the latter, because "[s]o long as the law permits and recognizes marriage contracts between infants, it must confer and secure certain privileges and duties which are regarded as essential to the proper maintenance of that relationship." (*Cochran v Cochran, supra,* p 89.) Thus this court, citing *Cochran v Cochran* (*supra*), has said "that marriage of a minor works an emancipation because the new relationship gives rise to privileges and responsibilities inconsistent with the subjection of the minor to the control and care of the parent". (*Matter of Rankin v Lavine,* 50 AD2d 1091, 1092, affd 41 NY2d 911.) The conclusion is therefore inescapable that the marriage of a child under 21 years renders her no longer subject to the control and guidance of her

parents and that under common-law principles she is emancipated and no longer legally required to accede to her parents' demands, but is free to avoid their authority no matter how reasonably exercised (see, also, *Schiffman v Schiffman,* 79 AD2d 971, 972; *Lyle v Lyle,* 72 AD2d 597; *Peters v Peters,* 14 AD2d 778).

The fact that the child is married and emancipated, however, is not necessarily determinative "when considering [the] application of a * * * minor for public assistance" (*Matter of Rankin v Lavine, supra,* p 1092). The Legislature has imposed a statutory duty upon parents to support their children who are welfare recipients in order to save the general public the cost of supporting them, and nowhere does the word "emancipation" or "marriage" appear in the statutory scheme. The statutory obligation necessarily supersedes the common-law rule which relieves parents of their duty to support their emancipated children (see *Matter of Zehner v Fahey,* 66 AD2d 297; *Matter of Sanders v Lavine,* 59 AD2d 911; *Matter of Bickford v Bickford,* 55 AD2d 719; *Matter of Rankin v Lavine, supra*).

We, therefore, hold that petitioners' argument that marriage standing alone effects an emancipation and terminates their obligation to support is without merit. In our view discretion is given to the court under section 415 of the Family Court Act to require parents to contribute a reasonable sum for the support of their children who are welfare recipients even though they may be emancipated. It is only when the granting of support would lead to an injustice that the court may refuse to compel support (see *Matter of Parker v Stage,* 43 NY2d 128, 134, *supra*). Were there an affirmative showing here that a spousal relationship exists which supersedes or interferes with parental control, that the child is not subject to the exercise of parental control or guidance, or that the child voluntarily abandoned her family in the absence of parental misconduct, neglect or abuse, then the court could exercise its discretion to terminate petitioners' support obligation. The fact of marriage, however, is not such a change of circumstance which mandates termination of that statutory responsibility. In this age of liberal divorce the purpose of the law which requires a parent to support a minor child on

welfare should not be thwarted by the simple expediency of a convenient marriage which may be of short duration. Consequently, before the duty may be terminated there must be evidence before the court of the impact of the marriage on the parent-child relationship and proof to establish that the reciprocal rights of support on the one hand, and custody and services on the other, are in fact dissolved by the conduct of the parties which resulted in or flowed from the infant's marriage. The record here is devoid of any such proof.

Accordingly, Family Court's order should be affirmed.

HANCOCK, JR., J. P. (dissenting). On this record we would reverse. We agree that the daughter's marriage would not preclude a determination on a proper showing by Family Court in the exercise of its discretion that, notwithstanding the marriage, her parents should be compelled to reimburse the Department of Social Services for her support under section 415 of the Family Court Act (see *Matter of Zehner v Fahey,* 66 AD2d 297; *Matter of Rankin v Lavine,* 50 AD2d 1091, 1092, affd 41 NY2d 911). The majority here, however, hold that despite the *absence of proof* on such matters as whether the daughter was receiving any support from her newly acquired husband and whether, after her marriage, she continued to accept her parents' control and guidance, the parents' responsibility continues. This is quite a different question, and we must disagree.

The creation of the marital relation "gives rise to privileges and responsibilities inconsistent with the subjection of the minor to the control and care of the parent" (*Matter of Rankin v Lavine, supra,* p 1092, citing *Cochran v Cochran,* 196 NY 86). For example, a wife is entitled to the society of her husband in derogation of her parents' right to custody (see *Cochran v Cochran, supra,* p 89) and an obligation of support arises between the husband and wife (see Domestic Relations Law, § 32). Where marital rights and obligations are at variance with parental rights, the latter must be subordinated to the former (see *Cochran v Cochran, supra,* pp 88-89). Thus, we would hold that the fact of the marriage constitutes a prima facie showing that the child has chosen "to assume a status inconsistent with that of parental control" (*Matter of Roe v Doe,* 29 NY2d

188, 193) such as would, without proof to the contrary, relieve the parents of further support obligations (see *Matter of Parker v Stage,* 43 NY2d 128; *Matter of Roe v Doe, supra*).

O'DONNELL and MOULE, JJ., concur with SCHNEPP, J.; HANCOCK, JR., J. P., and DOERR, JJ., dissent and vote to reverse the order in an opinion by HANCOCK, JR., J. P.

Order affirmed, without costs.