OPINION OF THE COURT
Susan Bauer Brofman,
Hearing Examiner.
The petition in this matter was brought by the Otsego County Department of Social Services on behalf of its assignor, who is 19 years old and who is currently receiving *267 public assistance, pursuant to the Uniform Support of Dependents Law. The respondent in this proceeding is the father of the petitioner’s assignor. A hearing was held on December 3, 1985, concerning the respondent’s obligation to contribute to the support of his son.
The issue presented is whether, pursuant to Family Court Act § 415, the court is obligated to hold a parent responsible for the support of a child if, but for the fact that the child is receiving public assistance, he would otherwise be deemed emancipated.
The uncontroverted testimony elicited at the hearing indicated that the petitioner’s assignor, Keith W., has not resided with his father since June 1984. According to the testimony of the respondent, his son voluntarily left his home to reside with a friend. Approximately one month later Keith was arrested and spent nine months in a correctional facility. Upon his release, Keith went to live with his grandmother despite the respondent’s requests that his son return to live with him. Thereafter, Keith obtained employment as a painter with a company located in Pelham, New York. In July 1985, Keith moved to Otsego County to reside with his uncle. The respondent testified that he repeatedly requested that Keith return to his home, which request was refused. Further testimony, which was corroborated by Keith’s sister, indicated that Keith continues to be employed as a painter. The respondent asserted that he did not become aware of the fact that his son had been receiving public assistance until the commencement of this proceeding. Other than infrequent telephone conversations, the respondent has had no contact with his son since June 1984.
Family Court Act § 415 states, in pertinent part, as follows: "Except as otherwise provided by law, the spouse or parent of a recipient of public assistance or care or of a person liable to become in need thereof * * * if of sufficient ability, is responsible for the support of such person * * * provided that a parent shall be responsible only for the support of his child or children who have not attained the age of twenty-one years. In its discretion, the court may require any such person to contribute a fair and reasonable sum for the support of such relative”.
Under common-law principles Keith W. would be deemed emancipated for purposes of support. (Matter of Roe v Doe, 29 NY2d 188; Matter of Parker v Stage, 43 NY2d 128.) However, *268 Family Court Act § 415 supersedes the common-law rule and gives the court discretion to require parents to contribute to the support of a child who is a welfare recipient, even though that child may be emancipated. (Matter of Henry v Boyd, 99 AD2d 382, 387, affd 65 NY2d 645.) Only when the granting of support would lead to an injustice may the court refuse to compel support. (Matter of Henry v Boyd, supra.)
To compel the respondent in the instant proceeding to support his 19-year-old son would, in the judgment of this hearing examiner, result in an injustice. The uncontroverted testimony of the respondent indicated that not only did his son leave home voluntarily and refuse to return, but that he has been, and is currently employed while receiving public assistance. The petitioner’s remedy would appear to lie against its assignor, not the respondent.
In light of the above, it is hereby ordered that the petition herein be dismissed, and it is further ordered that the Assistant County Attorney may move for a rehearing within 30 days from the date hereof, pursuant to CPLR 5015, if new evidence is discovered which controverts the testimony of the respondent as set forth herein.