■ In the Matter of KRISTINE DRAGO, Respondent, v CHARLES DRAGO, Appellant.—In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order the Family Court, Nassau County (Mellan, H. E.), entered September 25, 1986, directing (a) payment of $75 per

week to the Support Collection Unit, to be increased to $128 per week upon the petitioner daughter's completion of a State-funded program for runaways, and (b) payment of $10 a week toward $575 in arrears. By order of the same court (De Maro, J.), entered October 21, 1986, the father's objections to the order entered September 25, 1986, were overruled.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner is the eldest child of a marriage that ended in divorce in 1984. By stipulation of the parties incorporated in the judgment of divorce, the mother was given actual physical custody of the children. The father was to continue to support them until they reach the age of 21, contingent upon their continued residence in New York. In June 1986 the petitioner was removed to Florida by her mother. It is undisputed that the father stopped making child support payments for the benefit of the petitioner on July 1, 1986. Shortly thereafter, the petitioner was told by her mother to leave her home and seek refuge with her father. However, the father did not invite the petitioner to live with him. Consequently, she was forced to seek refuge at a State-funded group home where she was allowed to live for six months at no cost. At the insistence of the Department of Social Services, she instituted separate proceedings against her parents to procure support. After an extensive hearing, the Family Court entered an order of support, finding that the petitioner had done nothing to relieve her father of his support obligation.

On the record before us we find no basis for disturbing the findings of the Hearing Examiner who was in the best position to assess the credibility of the witnesses and the evidence proffered (see, Arnold v State of New York, 108 AD2d 1021, appeal dismissed 65 NY2d 723). Nor do we find that the Hearing Examiner's determination was contrary to the credible evidence warranting a different outcome (see, Matter of McCarthy v Braiman, 125 AD2d 572).

Pursuant to Family Court Act § 413 a parent is obligated to support his or her children until they are 21 years of age. The instant case is distinguishable from those cases where the child voluntarily and without cause leaves the parents' home in order to avoid parental control, resulting in the forfeiture of the right to support (see, e.g., Matter of Roe v Doe, 29 NY2d 188, 193; Matter of Parker v Stage, 43 NY2d 128, 134). The petitioner has made out a clear case of misfeasance and neglect on the part of her parents (see, Matter of Roe v Doe, supra).

The father cannot cite his daughter's expulsion from the home of her mother, the custodial parent, as a defense to the payment of support. The record reveals that the mother repeatedly demanded that the daughter move in with her father despite the daughter's protestations that she had "nowhere to go". In fact, the mother provided the daughter with money for the air fare to New York. In addition, the mother's alcohol abuse resulted in a tumultuous home environment for the petitioner. Where, as here, the child had good cause to abandon her parent's home, the support obligation will not be terminated (see, Matter of Roe v Doe, supra; see also, Matter of Darene H. v Patricia S., 90 Misc 2d 558).

The record further establishes that the father turned the petitioner away when she requested permission to live with him, citing her prior truancy and inability to abide by rules. Instead, he demanded that she either return to a boarding school she had previously attended, join the military, or select another boarding school. Although it is beyond cavil that a parent may impose reasonable regulations upon a child in return for maintenance and support, the father is not relieved of his support obligation by excluding the child from his household because of her prior truancy and his belief that she will not abide by his strictures (see, Matter of Toft v Frisbie, 122 AD2d 456). In addition, we find, based upon consideration of all the relevant circumstances, that the father's demands that his daughter attend boarding school or join the military were not reasonable (see, Matter of Zehner v Fahey, 66 AD2d 297, 299).

Nor was the petitioner's menial employment sufficient to result in her emancipation since it is clear that she did not attain any degree of financial independence and relied for her sustenance on the temporary runaway program (cf., Matter of Eason v Eason, 86 AD2d 666). The Hearing Examiner properly determined that the petitioner's employment at a dry cleaner was insufficient to satisfy her food, clothing, housing, and educational needs (see, Family Ct Act § 413).

The father did not invite the petitioner to join his household until he was obliged to testify at the support hearing. Although it may be possible in some instances to have the child return to parental control as a condition of support, by the time the petitioner was compelled to bring the instant proceeding against her father her family ties had been irreparably severed. During the period of time that she lived with her mother and then at the runaway facility, the father purchased a new home and remarried. He and his wife had

previously told the petitioner, in the presence of a social worker, that it would be impossible for her to live with them despite her entreaties and promises that she was willing and able to abide by his rules. Consequently, when asked if she was presently willing to live with her father, the petitioner stated: "After what happens in court, I really don't think it would make any sense for me to live with him. I've asked him if I could live with him and he said no. I really don't think it would work. I'm not welcomed there. I wouldn't be comfortable with it * * * and it would just be harder for all of us if I lived with him now". Ultimately neither the father nor the petitioner expressed a sincere desire for the petitioner to take up residence in the father's newly established household. The petitioner's rejection of this offer was with good cause and did not result in the forfeiture of her right to support. Since, as a practical matter, the father's home is not open to his daughter, there is no injustice in having him provide for her support elsewhere (see, e.g., Matter of Henry v Boyd, 99 AD2d 382, affd 65 NY2d 645; see also, Matter of Darene H. v Patricia S., 90 Misc 2d 558, supra).

We have reviewed the father's remaining contentions and find them to be without merit. Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.