OPINION OF THE COURT
Howard Spitz, J.
This court is faced with an irate respondent father seeking *301 to terminate his parental obligation of support of his petitioner daughter, by reason of her refusal at the age of IQV2 to enter an in-patient facility for psychiatric evaluation. As a result of this refusal, the respondent has locked her out of the home and prohibited reentry despite her requests. He relies on the theory that her actions are tantamount to emancipation and he no longer owes her "one farthing more”.
Petitioner minor daughter filed a petition seeking support from respondent, who is her father. After a lengthy hearing, the Hearing Examiner rejected respondent father’s argument that his daughter was emancipated, and directed him to pay $142 per week for petitioner’s support. Respondent filed objections to the order of the Hearing Examiner, which, in essence, reiterate his position that his daughter is emancipated and he, therefore, is not liable for her support. Petitioner’s Law Guardian opposes the objections and argues that they should be denied.
This family first became known to the Family Court in September 1989, when the mother filed a family offense petition against her daughter. On consent, the daughter, while represented by a Law Guardian, consented to, inter alla, being placed on probation for a period of one year. At the mother’s insistence, the Probation Department scheduled clinical, drug and alcohol evaluations. Jennifer underwent evaluations at Daytop and at the National Council on Alcoholism.
Daytop reported to Probation that there was no evidence of alcohol or marihuana abuse despite Mrs. Sherman’s prior report to Jennifer’s probation officer that Daytop had recommended their full-time program for Jennifer because she had a serious drug and alcohol problem. The National Council on Alcoholism recommended that Jennifer undergo therapy, even though she was not chemically dependent, as it was felt that she was at risk due to the stress and anxiety caused by her family situation. Jennifer began therapy as recommended, but has not been able to afford continuing it on a regular basis.
On November 8, 1989, a meeting was held at the offices of the Yonkers Probation Department which Jennifer and her parents attended. It is noted that for at least two months prior to the meeting, no one in Jennifer’s home had spoken to her. At the meeting, Mrs. Sherman told Jennifer that she had arranged to have her picked up and taken to Arms Acres psychiatric facility for an in-patient psychiatric evaluation, and that, if she did not go, she would not be permitted to *302 return home. It should be noted that the Probation Department had not recommended or arranged for this evaluation. Jennifer refused to go for the evaluation. When she returned home that evening, the locks on the door had been changed, and she was denied access to her home. Since then, Jennifer has maintained herself with the help of friends and neighbors, and a part-time job.
It is noted that in determining the objections, the court will not consider any documents submitted by respondent and annexed as exhibits to his objections which were not introduced into evidence at the hearing.
Respondent argues in his objections that his daughter’s refusal to go to Arms Acres for the psychiatric evaluation was in violation of this court’s order. As a result of said refusal, she "chose to reside outside the home”. He alleges that by refusing to obey the parental direction, she "forfeited her claim for support from him”. He also argues that the Probation Department had no medical evidence on which to base their opinion that Jennifer didn’t need in-patient psychiatric treatment, and that a psychiatrist he had engaged to treat his daughter, Dr. Savyckyj, had recommended in-patient treatment in a letter to the probation officer.
This court’s order of disposition entered September 19, 1989 (Spitz, J.) in the family offense proceeding, stated that petitioner "shall obey all the rules and regulations of her household and her parents”. Respondent’s argument that Jennifer violated said order by refusing to obey her parents and go to Arms Acres is totally without merit. Only this court, after an appropriate petition is filed alleging a violation of a court order, and a hearing is held, has the authority to determine if Jennifer violated the court’s order. If the court determines that its order was violated, then the court, and not one of the parties, determines the appropriate sanction. However, a proper petition alleging a violation was never filed with the court. Therefore, this argument advanced by respondent as a justification for denying entry to her home and support to his daughter is rejected, and this objection is denied in its entirety.
The only issue that remains is whether Jennifer’s conduct constitutes an emancipation, relieving respondent of his obligation to support his minor daughter.
Respondent relied heavily on the testimony of Dr. Jerry Savyckyj, Jennifer’s psychiatrist, who had recommended in *303 patient psychiatric treatment for Jennifer, and that giving money directly to her would only aggravate her personality disorder and be detrimental to the child.
Family Court Act § 413 sets forth that a parent is obligated to support a minor child to the age of 21. The law is well settled that when a child is under the age of 21, and voluntarily abandons the parental home without cause to avoid parental control, the child forfeits her right to support (Matter of Roe v Doe, 29 NY2d 188; Matter of Drago v Drago, 138 AD2d 704; see, Matter of Parker v Stage, 43 NY2d 128, 134).
It is equally clear that a parent may impose reasonable regulations upon a child in return for maintenance and support (Matter of Roe v Doe, supra, at 193). Therefore, if a parent’s demands upon the child are unreasonable, he will not be relieved of the duty of support. A parent also is not relieved of his support obligation by excluding the child from his household because of her prior truancy (Matter of Drago v Drago, supra, at 705).
In the instant matter, both respondent and his wife stated in the presence of witnesses that Jennifer, who was then IQV2 years old, would not be permitted to return to her home if she did not go to the in-patient psychiatric evaluation at Arms Acres. Jennifer refused to go, and she was denied entry to her home. It is noted that prior to the period she was placed on probation, Jennifer had undergone approximately five separate psychiatric evaluations by different doctors at the Westchester County Medical Center. None had recommended that she required in-patient treatment.
In this enlightened day and age, in which seeing a psychiatrist or therapist no longer carries a stigma, in-patient psychiatric treatment is still not as widely accepted. Mental Hygiene Law §§ 9.27 and 9.51 recognize the rights of children by restricting the right of parents to have their minor child admitted as an in-patient to a psychiatric facility. These sections set forth the strict statutory requirements for an involuntary admission to a psychiatric facility of minors under the age of 18.
When Jennifer refused to go to Arms Acres, her parents’ recourse was to proceed pursuant to the Mental Hygiene Law. However, they opted to utilize "self-help” and excluded her from her home. They now want the court to sanction and ratify their actions. This court cannot endorse their conduct. The obligations of parents cannot be avoided merely because *304 the child is at odds with her parents or has disobeyed their instructions. Even a child’s delinquent behavior will not, of itself, relieve a parent of the obligation to support (Matter of Roe v Doe, supra).
The court also does not find persuasive respondent’s medical expert testimony that he should not be required to pay support to the child, as giving Jennifer money might aggravate the child’s alleged personality disorder. To accept this argument would, in essence, substitute a medical opinion for a judicial determination of whether a parent should be obligated to support his child.
It is unclear to the court what the parents’ motivation was in repeatedly obtaining psychiatric, drug and alcohol evaluations for Jennifer. What is apparent to the court is that, despite the negative drug and alcohol evaluations, respondent could not accept these professional opinions. He could not deal with the situation, and he washed his hands of his daughter.
Under all of the circumstances here present, the court finds that the parents’ demand that Jennifer go to Arms Acres for a psychiatric evaluation, and treatment, if necessary, was not a reasonable request. Additionally, Jennifer did not voluntarily abandon her home to avoid parental control, but was "abandoned” by her parents. The record of the hearing sets forth that, on two occasions, Jennifer requested permission to return home, but her father refused. Therefore, respondent is not relieved of his obligation to support his daughter. (Matter of Roe v Doe, supra; Matter of Drago v Drago, supra.)
Additionally, petitioner’s part-time employment since leaving her home is insufficient to sustain her, and therefore, does not result in her emancipation. Inasmuch as respondent has refused to allow petitioner to return to her home, "there is no injustice in having him provide for her support elsewhere” (Matter of Drago v Drago, supra, at 707, and cases cited therein).
Respondent also objects to the Hearing Examiner’s calculation that he is required to pay 17% for Jennifer’s support as he has two children, and not one. Family Court Act § 413 (1) (b) (5) (vii) (D) permits a deduction from income prior to calculating support, of the amount of child support actually paid pursuant to court order or written agreement on behalf of any child who is not subject to the instant action. Respondent’s other child is living with him and his wife, and is being supported by both parents, who are employed. There was no *305 evidence introduced of an order or agreement regarding Jennifer’s sibling. Even if either did exist, this would only be a deduction from income and would not entitle respondent to pay only 12Vz% (one half of 25%) for Jennifer’s support. It is also noted that Jennifer filed a support petition only against her father, and not her mother, who is also employed and obligated to support her child. Therefore, this objection is denied in its entirety.
The court has reviewed respondent’s other arguments set forth in his objections and finds them to be without merit or so insignificant that they do not affect the result set forth herein.
Accordingly, the objections are denied in their entirety and the determination of the Hearing Examiner remains in full force and effect. Respondent is admonished to abide by the order of the Hearing Examiner.