■ In the Matter of MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JOSEPH SAN FILIPPO, Appellant, v JEAN SAN FILIPPO, Respondent.—Order unanimously reversed on the law without costs, petition reinstated and matter remitted to Monroe County Family Court for further proceedings, in accordance with the following Memorandum: The Hearing Officer improperly dismissed the petition of the Department of Social Services seeking support from respondent for her 18-year-old daughter who was receiving public assistance. The Hearing Officer determined, without the benefit of a hearing, that the child had no legal right to support based on the finding that "[r]espondent has legal custody of this child pursuant to the parties' divorce [decree] and the child is residing with petitioner's client without respondent's permission." Although the Hearing Officer was in receipt of a divorce decree that gave the mother legal custody of the child, there are no facts in the record to support the finding that the child was residing with the father without the mother's permission, and there are no facts to indicate why the child left her mother's residence.

Ordinarily, where the child is residing with the custodial

parent, that parent satisfies the support obligation by providing for the child. If the child leaves the home of the custodial parent, the child may or may not be entitled to support from the custodial parent depending upon the circumstances of the leaving. Thus, where the child leaves the home without good cause and without the consent and against the will of the custodial parent, the child forfeits her right to support *(Matter of Parker v Stage,* 43 NY2d 128; *Matter of Roe v Doe,* 29 NY2d 188).* On the other hand, where the child leaves the home for good cause or with the approval of the custodial parent, she retains her right to support from the parent *(Matter of Henry v Boyd,* 99 AD2d 382, *affd* 65 NY2d 645).

Because the Hearing Officer erred in dismissing the petition without an evidentiary hearing to develop facts relevant to the child's right to support from respondent, we reverse the order appealed from and remit the matter to Family Court for an evidentiary hearing on the petition. (Appeal from Order of Monroe County Family Court, Maas, J.—Child Support.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.