Scileppi, J.
It is a sad but telling commentary upon the relationship subsisting between father and daughter that resort to the courts was employed to resolve this domestic problem. The surge of adolescent independence, the breakdown in parental authority and the frustration attending both are indeed matters of common occurrence. Feelings may run high, idle threats may be uttered, but experience teaches us that such hostilities do abate and rapprochements are soon effected. Aware that the law is no interloper in such intra-family problems, the courts, absent any violation of law, refuse to intervene, preferring to leave the parties where they find them, lest they undermine the integrity of the family.
Petitioner is the court-appointed guardian for a 20-year-old student at the University of Louisville who had been fully and generously supported by her father, a prominent New York attorney, until April of 1970. Afforded the opportunity of attending college away from home, and after living in the college dormitory for a time, the daughter, contrary to the father’s prior instructions and without his knowledge, took up residence with a female classmate in an off-campus apartment. Upon learning of this deception, the father cut off all further support and instructed her to return to New York.
Ignoring her father’s demands, the daughter sold her automobile (an earlier gift from her father) and elected to finish out the school year, living off the proceeds realized upon the sale, some $1,000. During the following summer, the daughter enrolled in summer courses at the university and upon her return to New York chose to reside with the parents of a female classmate on Long Island. The family situation has been tense and somewhat less than stable. The daughter was three years old when her mother died and her father has remarried several times since, most recently in the spring of 1970. Academically, the daughter fared poorly, and was placed on academic probation during her freshman year; though, on a reduced credit work *192 load, she has managed to improve her academic standing over the past year. She has experimented with drugs (LSD and marijuana), apparently without addiction. The girl has been comfortably maintained, and there is no real question about the father’s ability to provide. Tuition payments, approximately $1,000 per semester, for the academic year 1970-71, are long past due and petitioner has commenced this support proceeding, alleging that the respondent has refused and neglected to provide fair and reasonable support.
The Family Court (Midouick, J.), entered two separate orders: a temporary order of support (August 21, 1970), requiring the father to remit a tuition payment for the then pending semester and to provide for reasonable medical, dental, eye and psychiatric care; and a final order of support (November 30, 1970), requiring that the father pay $250 per month in support for the period between December 1, 1970 and October 20, 1971, the daughter’s twenty-first birthday. Respondent was found to have willfully failed to comply with the temporary order of support and was committed to jail for 30 days, the commitment to be stayed until December 28, 1970 and at that time vacated on condition that he post a cash bond in the sum of $5,750 covering his liability for support. The order of commitment was stayed pending appeal.
On appeal, the Appellate Division modified the temporary order, on the law and the facts and in the exercise of discretion, and directed that the father pay only those university and health bills actually rendered prior to November 30, 1970. The final order of November 30, 1970, requiring that the father pay $250 per month in support for the period between December 1, 1970 and October 20, 1971, the daughter’s twenty-first birthday, plus tuition payments through the September, 1971 semester, was reversed on the law and the facts and in the exercise of discretion. As it is our conclusion that where, as in the case at bar, a minor of employable age and in full possession of her faculties, voluntarily and without cause, abandons the parent’s home, against the will of the parent and for the purpose of avoiding parental control she forfeits her right to demand support, the order appealed from should be affirmed.
It has always been, and remains a matter of fundamental policy within this State, that a father of a minor child is charge *193 able with the discipline and support of that child (Family Ct. Act, § 413; Cannon v. Cannon, 287 N. Y. 425, 428; Cuming v. Brooklyn City R. R. Co., 109 N. Y. 95; Beardsley v. Hotchkiss, 96 N. Y. 201; Landes v. Landes, 1 N Y 2d 358; Furman v. Van Sise, 56 N. Y. 435); and none would dispute that the obligation cannot be avoided merely because a young enough child is at odds with her parents or has disobeyed their instructions: delinquent behavior of itself, even if unexplained or persistent, does not generally carry with it the termination of the duty of a parent to support.
On the other h^nd, while the duty to support is a continuing one, the child’s right to support and the parent’s right to custody and services are reciprocal: the father in return for maintenance and support may establish and impose reasonable regulations for his child (cf. Haskell v. Haskell, 201 App. Div. 414, affd. 236 N. Y. 635). Accordingly, though the question is novel in this State, it has been held, in circumstances such as here, that where by no fault on the parent’s part, a child “ voluntarily abandons the parent’s home for the purpose of seeking its fortune in the world or to avoid parental discipline and restraint [that child] forfeits the claim to support” (67 C. J. S., Parent and Child, § 16, p. 699; Stant v. Lamberson, 103 Ind. App. 411; Schmit v. Campbell, 140 Wash. 376; cf. Haskell v. Haskell, 201 App. Div. 414, affd. 236 N. Y. 635, supra). To hold otherwise would be to allow, at least in the case before us, a minor of employable age to deliberately flout the legitimate mandates of her father while requiring that the latter support her in her decision to place herself beyond his effective control.
It is the natural right, as well as the legal duty, of a parent to care for, control and protect his child from potential harm, whatever the source and absent a clear showing of misfeasance, abuse or neglect, courts should not interfere with that delicate responsibility. Here, the daughter, asserting her independence, chose to assume a status inconsistent with that of parental control. The Family Court set about establishing its own standards of decorum, and, having determined that those standards were met, sought to substitute its judgment for that of the father. Needless to say, the intrusion was unwarranted.
We do not have before us the case of a father who casts his helpless daughter upon the world, forcing her to fend for her *194 self; nor has the father been arbitrary in his requests that the daughter heed his demands. The obligations of parenthood, under natural and civil law, require of the child “ ' submission to reasonable restraint, and demands habits of propriety, obedience, and conformity to domestic discipline ’ ” (Stant v. Lamberson, 103 Ind. App. 411, 416-417, supra). True, a minor, rather than submit to what her father considers to be proper discipline, may be induced to abandon the latter’s home; but in so doing, however impatient of parental authority, she cannot enlist the aid of the court in frustrating that authority, reasonably exercised, by requiring that her father accede to her demands and underwrite her chosen lifestyle or as here, run the risk of incarceration.
Nor can we say that the father was unreasonable or capricious in his request that the daughter take up residence in the college dormitory or return to New York. In view of her past derelictions, and, to use the Appellate Division’s words, “ the temptations that abound outside,” (36 A D 2d 165) we can only conclude that it was reasonable for her father to decide that it was in her own best interests that she do so. And the fact that the father doggedly persisted in his demands despite similar evils which may have lurked within the campus residence, or psychiatric advice that the daughter live off campus, cannot be said to amount to a showing of misconduct, neglect or abuse which would justify the Family Court’s action. The father has the right, in the absence of caprice, misconduct or neglect, to require that the daughter conform to his reasonable demands. Should she disagree, and at her age that is surely her prerogative, she may elect not to comply; but in so doing, she subjects herself to her father’s lawful wrath. Where, as here, she abandons her home, she forfeits her right to support.
The order appealed from should be affirmed.