■ PAMELA BROWN, an Infant, by LLOYD BROWN, Her Parent and Natural Guardian, et al., Appellants, v SALMON RIVER CENTRAL SCHOOL DISTRICT No. 1, Respondent.—Appeal from a judgment of the Supreme Court, entered June 30, 1975 in Franklin County, upon a verdict rendered at a Trial Term in favor of defendant. This action was brought against the defendant school district as the result of injuries allegedly sustained by the infant-plaintiff in a fall on December 14, 1971. The infant-plaintiff and one Beverly Terrance, a fellow student, testified that they had been together when plaintiff fell in the second floor rest room of the school building on the morning of the accident. Another student named Cynthia Cole testified that she attended school on December 14, 1971 and described certain conditions obtaining in the said girls' rest room on that day. After presenting the testimony of its only witness, Mr. Jesse Sherwood, the school principal, the defendant rested. The court thereupon recessed the case. Upon the resumption of the proceedings the next morning, defendant moved to reopen its case to introduce school attendance records which indicated that Beverly

Terrance and Cynthia Cole were not even in school on December 14, 1971. Defendant claims that the testimony of Cynthia Cole the previous day had triggered the suspicion which led to a check of the attendance records that night. The court granted the motion to reopen over plaintiffs' objection and stated that, after taking defendant's further proof, it would allow an adjournment until two o'clock to allow plaintiffs to prepare a rebuttal. Defendant introduced the attendance records through Mr. Sherwood and the court recessed at 10:45 A.M. When the proceedings were resumed at 2:10 P.M., the request by plaintiffs for additional time to prepare their rebuttal was denied. Plaintiffs contend that the trial court erred in (1) granting the defendant's motion to reopen its case after the close of all the evidence and before summations were heard and (2) denying plaintiffs' application for additional time to produce rebuttal evidence. We disagree. "A motion to reopen a case for further proof is addressed to the discretion of the court, and it should be granted when to do so would further the interests of justice" (8 Carmody-Wait 2d, NY Prac, § 59:27). We find no abuse of discretion in allowing the defendant herein to introduce newly discovered evidence which was highly material and relevant to the issue of credibility of two witnesses for the plaintiffs. Under all of the circumstances herein, including the fact that the additional testimony offered related to a matter within the knowledge of plaintiffs' own witnesses, we find no reason to disturb the finding of the trial court that three hours was sufficient time to allow plaintiffs to prepare a rebuttal. Judgment affirmed, without costs. Koreman, P. J., Sweeney, Larkin, Herlihy and Reynolds, JJ., concur.