■ SABRA J. RICHARDS, Respondent, v RODNEY A. RICHARDS, Appellant. — Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Defendant appeals from a judgment awarding plaintiff $16,188.48 in arrears for support due under a separation agreement entered into by the parties in June, 1977. The agreement was not incorporated in their subsequent divorce decree. Pursuant to the agreement, defendant is required to pay plaintiff $300 per week "base support", but that amount is subject to a $100 per week abatement in the event that each minor child reaches 21, marries, dies, becomes emancipated, or plaintiff either remarries or lives under circumstances described in section 248 of the Domestic Relations Law. When Stacy, one of the minor children, went to live with defendant, he reduced his weekly payment by $100. When Stacy returned to live with her mother, however, defendant did not resume the payment. The court awarded plaintiff arrears "from May 7, 1979 until the present" in the amount of $10,200. The testimony at trial established that Stacy, then 15 years of age, went to live with her father in March, 1978. She returned to her mother for three weeks in April, 1979, left briefly to live with friends, returned to live with her mother during May but left again around the 1st of June, 1979. She was jailed during June and July, and after her release lived with friends and supported herself with odd jobs. In December, 1979 and January, 1980 she was again incarcerated and subsequently placed in a psychiatric institution. The evidence clearly shows that Stacy has been neither receiving nor seeking support from either parent. Indeed, they do not know where she is. Although a father is generally required to support his children until they reach the age of 21 (*Matter of Roe v Doe*, 29 NY2d 188; Family Ct Act, §§ 413, 414, 422), a father cannot be compelled to support a child who unjustifiably leaves home and decries parental efforts of help and support (*Matter of Parker v Stage*, 43 NY2d 128). "Although the statutory obligation of parents to support a child * * * is stated in mandatory terms, a child who voluntarily and without good cause abandons the parents' home forfeits her right to support" (*Matter of Wayne County Dept. of Social Servs. v Hawthorne*, 73 AD2d 789-790). The trial court rejected defendant's argument that Stacy should be considered emancipated, finding that her independent behavior was a manifestation of her emotional problems, not a conscious decision to become emancipated. The record is clear, however, that despite the efforts of both parents to help Stacy by special schooling and psychiatric care, she has spurned further offers of help and has abandoned both of them. It may be that her behavior is attributable to her

emotional instability so that if she were seeking support or if she were receiving public assistance, the result might well be different (see *Matter of Parker v Stage, supra*). Nevertheless, it is not Stacy who is seeking support arrears, but her mother, even though she has not supported Stacy since June, 1979. It was thus improper to award plaintiff a money judgment which would inure solely to her benefit. She is entitled to only $600, representing support for the six weeks Stacy lived with her in 1979. It was also error for the court to award arrears for support of plaintiff during the period from June, 1978 to June, 1979. When defendant learned of plaintiff's cohabitation with her future husband, he reduced his support payments by $100 per week. Subsequent discussions between the attorneys for the parties culminated in defendant's paying plaintiff $50 per week retroactive to June, 1978. In that regard plaintiff herself testified that there had been a "negotiated settlement." There was thus sufficient evidence to establish a modification of the separation agreement precluding an award of arrears to plaintiff for the period in question. However, inasmuch as defendant stopped making payments two weeks prior to plaintiff's remarriage, she is entitled to $100 for those two weeks. The court properly awarded plaintiff arrears for support of the other minor child of the parties. In January, 1980 defendant unilaterally reduced the support for Lynn, claiming that he was justified in making such reduction because the separation agreement provided that the payments made thereunder were to be taxable to the wife and deductible by the husband for income tax purposes. Pursuant to the terms of the agreement, if it were to be established by adjudication or by change of law that such payments could not be deducted by the husband, there was to be a reduction. Defendant argued that plaintiff's remarriage made that provision operative. It is firmly established that where the language of a separation agreement does not specifically delineate that portion of a support payment which is for the children, the entire payment will be considered alimony and taxable to the wife (*Commissioner v Lester*, 366 US 299; *Brock v Commissioner of Internal Revenue*, 566 F2d 947; *Fryer v Commissioner of Internal Revenue*, 434 F2d 67; *West v United States*, 413 F2d 294; *Commissioner v Gotthelf*, 407 F2d 491, cert den 396 US 828; US Code, tit 26, § 71, subd [b]). Defendant contends that once plaintiff remarried, his payments automatically became "fixed" as child support and therefore nondeductible. There is no requirement under either New York law or the Internal Revenue Code for such an interpretation (see Tax Law, §§ 359, 360; US Code, tit 26, § 71, subds [a], [b]). We have reviewed the other points raised by defendant and find them to be lacking in merit. Finally, we need only note that defendant's claim that he was denied a fair trial because of the trial court's treatment of him is absolutely without basis in this record. (Appeal from judgment of Monroe Supreme Court, Siracuse, J. — separation agreement.) Present — Dillon, P. J., Callahan, Doerr, Denman and Schnepp, JJ.