OPINION OF THE COURT
Stanley Harwood, J.
Petitioner’s motion pursuant to section 241 of the Domestic Relations Law for a suspension of the provision in a judgment of divorce for the support of the parties’ 18-year-old son, Jeffrey, is granted. The cross motion of respondent seeking an order directing petitioner to pay for Jeffrey’s college education is denied.
In October, 1968, the parties executed a separation agreement, the terms of which were subsequently incorporated into a divorce decree granted and entered in Mexico. The agreement provides, inter alia, that custody of the children of the marriage be given to their mother, respondent herein. That agreement and judgment ordered the petitioner to provide support for Jeffrey in the amount of $30 per week and granted petitioner visitation. Thereafter, on petitioner’s motion to compel visitation, this court by order entered February 15, 1977 (Tomson, J.), granted petitioner specific revised rights of visitation with Jeffrey.
Petitioner alleges that since the date of entry of the order of February 15,1977 he has been permitted to visit his son only five times and has not been permitted to see him at all *880 for the past five years. He contends that on his last attempt to see his son, respondent’s husband told him Jeffrey did not want to see him and ordered him to leave. In 1979, petitioner discovered that Jeffrey ceased using petitioner’s surname and had taken on that of his stepfather; he evidently has been known by that name for some four years. In opposing petitioner’s motion, respondent and Jeffrey inform both the court and the petitioner that, almost simultaneously with his eighteenth birthday in May of this year, Jeffrey legally changed his surname to that of his stepfather without notice to or consent of petitioner. Nor is any explanation offered now as to why Jeffrey chose, as is his right (see Civil Rights Law, art 6), to change his surname. Both respondent and Jeffrey deny that respondent attempted to impede visitation or contact between father and son but Jeffrey concedes that the failure of communication was “due in part to my own actions”.
In support of the cross motion for an order directing petitioner to pay for Jeffrey’s college education, respondent posits, through her attorney, that the parties did not foresee the need to make provision for Jeffrey’s college education at the time the separation agreement was executed; respondent and Jeffrey assert that Jeffrey will be entering Nassau Community College this fall, that college is a prerequisite to success in this era of unemployment, and that Jeffrey does not have the financial means to pay for his own education. No indication of either petitioner’s or respondent’s income has been furnished to the court, and there is scant enlightenment concerning Jeffrey’s academic abilities.
While a factual issue is presented as to whether respondent has interfered with or withheld visitation rights so as to justify suspension of child support payments (see Hudson v Hudson, 97 Misc 2d 558; Domestic Relations Law, § 241), their suspension without the necessity of a hearing is nonetheless warranted because of the total abandonment by Jeffrey of his father, most tellingly exhibited by Jeffrey’s change in surname to that of his stepfather. While it is true that the parental obligation to support a child does not terminate simply because the child is at odds with *881 the parent, it is also true that the child’s right to support is not unlimited. (See Matter of Roe v Doe, 29 NY2d 188.) A parent has a right to expect a minimum of respect and obedience from his child. (Matter of Roe v Doe, supra.) By admittedly rejecting visitation with his father and by cavalier rejection of parental identity without consultation with or explanation to petitioner, this 18-year-old “adult” (see Civil Rights Law, § 1-a) has voluntarily asserted his independence from petitioner and has thus forfeited his right to claim support from him. (See Matter of Roe v Doe, supra.) Petitioner’s application is accordingly granted.
The cross motion is summarily denied. It is clear that the application by respondent is no more than an attempted “counterattack” and, given the granting of petitioner’s application, cannot be granted. Moreover, even if Jeffrey were entitled to claim support from petitioner, college expenses are not ordinarily included in the parental duty of support. (Kaplan v Wallshein, 57 AD2d 828.) While the separation agreement does not automatically bar a direction by the court that petitioner pay Jeffrey’s college expenses (see Shapiro v Shapiro, NYLJ, April 22,1982, p 14, col 3), neither respondent nor Jeffrey has made the requisite showing that special circumstances exist which would warrant such a direction. (See Frankel v Frankel, 82 AD2d 796; Gamble v Gamble, 71 AD2d 649; Kaplan v Wallshein, supra.)