■ In the Matter of JEROME C. BOUCHARD, Respondent, v GILLES G. BOUCHARD, Appellant.—Casey, J. Appeal from an order of the Family Court of Clinton County (Goldman, J.), entered November 28, 1984, which granted petitioner's appli-

cation, in a proceeding pursuant to Family Court Act article 4, and, *inter alia,* directed respondent to pay $70 per week for support of petitioner.

Respondent is the father and custodial parent of petitioner, his son, as the result of the parents' divorce in 1982. Petitioner was 16 years old in February 1984 when he left respondent's home to reside with friends. Respondent refused to provide him with support unless petitioner returned home. Petitioner refused, claiming that the pressures imposed upon him by respondent made his return impossible, and he commenced this support proceeding.

While residing with respondent, petitioner received psychological treatment. He had 12 sessions with a licensed psychologist, but strain developed with respondent because of these sessions and respondent refused to continue paying the psychologist. Petitioner called the psychologist as a witness at the hearing, as well as another witness who had a doctorate in psychology. Both of these experts recommended that petitioner not return to respondent's home. The opinions of both experts in this regard was that the parental pressure, even if based only on petitioner's perception thereof, rendered it detrimental to the emotional and mental health of petitioner to return. Although petitioner was allegedly happier and more relaxed in school after leaving respondent, it was admitted that before that time petitioner was not a disciplinary problem, nor did he demonstrate unusual or startling behavior. Petitioner testified that he was never able to please respondent. Respondent testified concerning petitioner's refusal to work around the house, getting into trouble with the police and lying to him, a fact that petitioner admitted.

After the conclusion of this testimony, Family Court held from the Bench that respondent was liable for petitioner's support, which was set at $70 per week. On the following day, respondent moved to reopen to permit testimony of the other sons, Martin, Dominick and Gilles, concerning the living conditions at respondent's home in regard to petitioner. This motion to reopen was denied by the court and the order of support was entered. From this order respondent appeals.

In denying the motion to reopen, Family Court stated that the actual situation in respondent's home was not relevant since the court's decision was based on how petitioner perceived the situation, regardless of what it actually was. We disagree. A child's perception of his home life, if it fails to coincide with the actual circumstances, is not sufficient to

constitute "good cause to abandon" *(Matter of Roe v Doe,* 29 NY2d 188). "[A]bsent a clear showing of misfeasance, abuse or neglect", courts should not interfere with a parental relationship *(id.,* p 193). As long as the parental authority is reasonable, and not arbitrary or capricious, the child who abandons his or her home forfeits the right to support *(id.).* Family Court herein erred when it based its decision on petitioner's perception; the proper inquiry is whether respondent's demands were reasonable based on a consideration of all the relevant circumstances *(Matter of Zehner v Fahey,* 66 AD2d 297, 299).

It follows that Family Court's refusal to reopen to permit further testimony on the conditions under which petitioner lived with respondent was an abuse of discretion, since such testimony would further the interests of justice *(see, Brown v Salmon Riv. Cent. School Dist.,* 52 AD2d 968, 969).

Upon remittal, Family Court should reconsider its decision denying respondent's motion to reopen in accordance with the views expressed herein. However, we add that we do not agree with respondent's contention that Family Court abdicated its authority by giving undue reliance on the expert witnesses' testimony and we find sufficient explication of the facts upon which the experts' testimony was based.

The order should, therefore, be reversed and the matter remitted for reconsideration of respondent's motion to reopen and for redetermination in accordance with the views expressed herein.

Order reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Clinton County for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.