■ In the Matter of HUBER YRALA, Appellant, v ANA M. YRALA, Respondent.—Casey, J. Appeal from an order of the Family Court of Sullivan County (Ludmerer, J.), entered January 23, 1991, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

At issue in this proceeding is the custody of the parties' infant daughter, Abigail, who was born prematurely in August 1987 with spina bifida, which required surgery. Abigail has experienced developmental delays in speech and language skills, and she has a high arch palate which may contribute to her speech problem. She is enrolled in a day program at Sullivan Diagnostic Treatment Center (hereinafter the Center) to address her developmental problem.

The parties were married in December 1986. They separated one year later and were divorced in 1988. Abigail apparently remained with respondent after the separation, and the judgment of divorce referred the matter of custody to Family Court. Respondent and Abigail live with respondent's foster mother. According to petitioner, respondent is mentally retarded and unfit to care for Abigail, resulting in the child's developmental problem. After petitioner presented evidence at the hearing and rested, Family Court dismissed the petition and granted custody to respondent with liberal visitation to petitioner.

Petitioner contends that he made out a prima facie showing that awarding him custody was in the child's best interest and that, therefore, Family Court erred in deciding the matter at the close of his case without requiring respondent to come forward with her proof. Petitioner relies largely upon the testimony of his expert witness, a psychologist, who testified that petitioner had the necessary parenting skills to be an effective parent. This expert was also of the opinion that respondent showed a low degree of interest in Abigail and had limited parenting skills. He concluded that a change in custody to petitioner would be beneficial to Abigail. Although the expert's testimony reveals an adequate basis for his opinion regarding petitioner's parenting skills, he conceded that he had never met either respondent or Abigail. His opinion of respondent's parenting skills was based upon a reading of selected portions of respondent's examination before trial, and his conclusion as to Abigail's best interest was based upon his

opinion of the relative parenting skills of the parties. Cross-examination of this witness disclosed certain inconsistencies and other facts which had a direct bearing on his credibility.

Petitioner presented no other evidence concerning respondent's fitness, except his own criticism of respondent's ability to read and write, cook, drive, do arithmetic and care for Abigail. In contrast, one of petitioner's witnesses, a psychologist assistant at the Center, testified that respondent accompanied Abigail to all of the evaluations and that Abigail was well-behaved, well-dressed, clean, well-mannered, alert and showed progress. The witness observed evidence of attachment and bonding between respondent and Abigail, and respondent asked appropriate questions during the evaluations. Considering the advantage that Family Court had in seeing the witnesses and assessing their credibility first hand *(see, e.g., Matter of Fringo v Riccio,* 171 AD2d 963, 964), and based upon our review of the record, we conclude that Family Court did not err in rejecting the opinion testimony of petitioner's expert regarding respondent's fitness as a parent and the beneficial effect that a change in custody would have on Abigail.

Petitioner's request for custody of Abigail is also based in part upon his claim that Abigail's developmental problem is due to respondent's inability to care for Abigail. There is, however, no evidence in the record to support this claim. There is no expert testimony as to the cause of Abigail's developmental problem, and petitioner's claim that the program at the Center attended by Abigail is inappropriate conflicts with the evidence presented by petitioner at the hearing. In addition to the testimony of the psychologist assistant from the Center that Abigail would benefit from the Center's program, the physician who examined Abigail at petitioner's request was of the opinion that she should stay at the Center. The evidence presented by petitioner clearly supports Family Court's finding that respondent has adequately provided for the special needs of her child by enrolling Abigail in the Center's program.

Next, petitioner claims that Family Court erred in considering the assistance given to respondent by her foster mother. According to petitioner, respondent's fitness as a parent should be measured by respondent's abilities, not by considering respondent and her foster mother as "one unit". The argument is meritless. The standard to be applied in any custody proceeding is the best interest of the child *(Matter of Farmer v Dervay,* 174 AD2d 857, *lv dismissed* 78 NY2d 1041;

*Johns v Johns,* 156 AD2d 777, 778), and consideration of all relevant factors in the totality of the circumstances is required *(Matter of Hohenforst v Hohenforst,* 169 AD2d 952, 953). The fact that respondent sought and obtained the assistance of her foster mother to help care for Abigail is, in our view, such a relevant factor. Petitioner essentially concedes as much, for his own plan includes the assistance of his sister to care for Abigail while he is at work.

Family Court's factual findings are supported by the evidence in the record, and in determining the child's best interest the court considered all of the relevant factors in the totality of the circumstances. Accordingly, we reject petitioner's claim that the court erred in its determination of the custody issue.

Petitioner's final argument is directed at Family Court's denial of his motion to reopen his case. Petitioner claims that he was misled into believing that respondent and her foster mother would be required to testify as part of respondent's case. When petitioner realized that the court was considering dismissal of his petition after the close of his case, he moved to reopen so that he could call respondent and her foster mother as witnesses. Petitioner had the opportunity to call respondent and her foster mother during the presentation of his direct case, and it is clear from petitioner's brief that the decision not to do so was a tactical one, based upon the theory that it would be more effective to elicit their testimony through cross-examination than by making them his own witnesses. In these circumstances, and in the absence of any showing that granting petitioner's motion would have furthered the interest of justice *(cf., Matter of Bouchard v Bouchard,* 115 AD2d 887, 889), we see no abuse of discretion in Family Court's ruling.

Weiss, P. J., Mikoll, Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.