■ In the Matter of CHARLE L. RUBINO, Appellant, v ROY S. MORGAN, Respondent. [638 NYS2d 524] —Cardona, P. J. Appeal from an order of the Family Court of Otsego County (Nydam, J.), entered October 3, 1994, which, *inter alia*, granted respondent's cross application, in a proceeding pursuant to Family Court Act article 4, to terminate respondent's support obligation with respect to his daughter.

When this case was initially before us, we found that the Hearing Examiner lacked subject matter jurisdiction to hear evidence based upon respondent's pleading alleging abandonment by his daughter as a defense to petitioner's petition seeking modification of a prior order of child support. Accordingly, we remitted the matter to Family Court for further proceedings (203 AD2d 698). On remittal, the parties stipulated that the record on appeal would become the record on the rehearing before Family Court. The only additional testimony given was by respondent. After the rehearing, Family Court adhered to its prior decision terminating respondent's support obligation on the grounds that his daughter's refusal to visit him and her unprovoked rejection of him constituted abandonment. Petitioner appeals.

We affirm. The procedural posture of this case was detailed in our prior decision. Turning to the substantive question of whether Family Court erred in relieving respondent of his support obligation, we find no basis in this record to disturb the court's findings. The parties were divorced in 1986 with physical custody of the daughter going to petitioner and visitation granted to respondent. The daughter has refused to visit respondent since September 1988 when she was 14 years old. At the time of the hearing, she was 17 years old. Respondent sent letters and cards to his daughter from May 1989 through January 1991. The letters were never answered. Respondent has attempted to talk to his daughter without success. The record supports Family Court's conclusions that the daughter chose to permanently breach her relationship with respondent, notwithstanding her generalized claim of "emotional abuse", and that respondent did not contribute significantly to his daughter's decision to distance herself from him. The evidence indicates abandonment (*see, Basi v Basi*, 136 AD2d 945, *lv dismissed* 72 NY2d 952) and, in addition, we cannot say that Family Court's findings that respondent's actions were reasonable were

not supported by the credible evidence (*see, Matter of McCarthy v Braiman*, 125 AD2d 572).

Family Court Act § 413 mandates that parents support their children until they reach the age of 21. Nevertheless, a "child's right to support and the parent's right to custody and services are reciprocal" and a parent may impose reasonable regulations (*Matter of Roe v Doe*, 29 NY2d 188, 193). Here, when all of the daughter's actions are considered together, they constitute abandonment resulting in the forfeiture of her right to support (*see, Cohen v Schnepf*, 94 AD2d 783). Furthermore, the record supports the conclusion that respondent endeavored to exercise his visitation rights and maintain a good relationship with his daughter (*cf., Radin v Radin*, 209 AD2d 396; *Matter of Wikoff v Whitney*, 179 AD2d 924). Respondent's actions and requests were not arbitrary and there was no evidence of malfeasance, misconduct or neglect (*see, Matter of Bouchard v Bouchard*, 115 AD2d 887).

Petitioner's remaining arguments have been reviewed and rejected as unpersuasive.

Mercure, White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.