■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of QUEEN JONES, Appellant, v BRENDA JONES-GAMBLE, Respondent. (Matter No. 1.) In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of QUEEN JONES, Appellant, v THERAN LABBAY, Respondent. (Matter No. 2.) [643 NYS2d 182] —In two related support proceedings pursuant to Family Court Act article 4, the appeal is from an order of the Family Court, Rockland County (Warren, J.), dated November 30, 1994, which denied the petitioner's objections to an order of the same court (Miklitsch, H.E.), dated January 18, 1994, which, *inter alia,* found that the minor child, Shanice Labbay, was emancipated and had forfeited her right to support by withdrawing from parental control.

Ordered that the order is affirmed, with costs.

It is well settled that a parent of a minor child is responsible for that child's support until age 21 (Family Ct Act § 413; *see, Matter of Alice C. v Bernard G.C.,* 193 AD2d 97). However, emancipation will suspend the parent's support obligation (*see, Matter of Henry v Boyd,* 99 AD2d 382, *affd* 65 NY2d 645). A child may be deemed constructively emancipated if, without cause, the child withdraws from parental control and supervi-

sion (*see, Matter of Parker v Stage,* 43 NY2d 128; *Matter of Roe v Doe,* 29 NY2d 188; *Matter of Alice C. v Bernard G.C., supra*). Where a minor of employable age and in full possession of his or her faculties voluntarily and without cause abandons the parental home against the will of the parents, and for the purpose of evading parental control, he or she forfeits the right to demand support (*see, Matter of Parker v Stage, supra; Matter of Roe v Doe, supra*).

In the instant case the Family Court found that the child Shanice, was constructively emancipated as a result of her failure to respect her mother's authority, her repeated truancy, and as a result of her overall incorrigibility. Shanice's mother, filed a PINS petition after finding her daughter to be uncontrollable. Shanice admittedly disliked being unable to stay out at all hours with her friends and resented her mother's rules and rebelled against them. After being placed in various residential facilities, Shanice promptly ran away and stayed with a friend for two years. After she became pregnant, one of five pregnancies between the ages of 16 and 18, Shanice moved in with her grandmother. Nevertheless, she remains unwilling to abide by her grandmother's rules and regulations, she remains unemployed, and is unable to care for her own daughter.

Clearly, on the instant record there is no basis to disturb the findings of the Hearing Examiner. The Hearing Examiner's findings are entitled to great deference (*Matter of Karrie B.,* 207 AD2d 1002; *Matter of McCarthy v Braiman,* 125 AD2d 572) as the Hearing Examiner is in the best position to assess the credibility of the witnesses and evidence offered (*see, Matter of Drago v Drago,* 138 AD2d 704). As the evidence adduced amply demonstrates that Shanice is beyond the parental control of her mother, we agree that she has forfeited her right to receive financial support.

The doctrine of constructive emancipation is also applicable to the noncustodial parent where the child unreasonably refuses all contact and visitation (*see, Matter of Alice C. v Bernard G.C.,* 193 AD2d 97, *supra; Cohen v Schnepf,* 94 AD2d 783; *Rosemary N. v George B.,* 103 Misc 2d 1036). The evidence adduced in this case clearly establishes that Shanice wants no relationship with her father. Indeed, she has told many people that her father "died in the war". Despite his prior support payments there is essentially no parent-child relationship between them. To require the father to provide reimbursement for the support of a daughter who has renounced and abandoned him would clearly result in an injustice under the facts of this case (*see, Matter of Parker v Stage,* 43 NY2d 128, *supra*). Miller, J. P., Joy, Altman and Friedmann, JJ., concur.