■ In the Matter of FRANCES SHABAZIAN, Respondent, v FRANK SHABAZIAN, Appellant. [667 NYS2d 510] —White, J. Appeal from an order of the Family Court of Tioga County (Squeglia, J.), entered January 16, 1996, which, *inter alia*, dismissed respondent's cross application, in a proceeding pursuant to Family Court Act article 4, for a downward modification of respondent's support obligation.

The parties are the parents of a daughter who was born on March 27, 1977. After the parties separated, a support order was entered in 1986 which directed petitioner to pay $50 a week in child support. This order continued until 1994 when respondent filed a petition to modify his support obligation alleging lack of visitation and the emancipation of the child. In response, petitioner filed a modification petition asserting a change in circumstances due to increased living expenses which warranted an increase in support. Respondent then filed a cross petition also alleging a change in his financial condition and requesting a reduction in support. A hearing was held before Family Court on issues of visitation and emancipation and in July 1995, the court determined that the child was not emancipated and that respondent's request to terminate support based on lack of visitation lacked merit.* Family Court then referred the question of support to a Hearing Examiner for further proceedings. A hearing was conducted with the parties as the only witnesses, and at its conclusion respondent's cross petition for reduction in support was denied and petitioner's request for an increase was granted with the Hearing Examiner making an award of $51.70 per week. In addition, respondent was also ordered to provide insurance coverage for the child and to pay 50% of her unreimbursed health care costs, with respondent's support obligation to terminate when the child reached 21 years of age. After respondent filed objections, Family Court, *inter alia*, found that the requisite change of circumstances had been established at the hearing by sufficient evidence of the child's increased needs and that

---

* In August 1995, respondent filed a notice of appeal from the Family Court order; however, this appeal has never been perfected.

the Hearing Examiner properly deviated from an application of the Child Support Standards Act by increasing respondent's contribution to $51.70.

We affirm. Respondent has repeatedly contended that his responsibility to pay child support ended when the child reached the age of 18 and it is undisputed that the original support order of 1986 stated that the support payments would cease when the child became 18. However, we find that Family Court Act § 413 (1) supersedes the order of May 1986 since it has long been the fundamental policy of this State that a parent is chargeable with the support of a child until the child attains the age of 21 years (*see, Matter of Commissioner of Social Servs. [Jones] v Jones-Gamble*, 227 AD2d 618; *Matter of Alice C. v Bernard G. C.*, 193 AD2d 97, 105). Therefore, we find no merit to respondent's argument that his child support obligation had terminated (*see, Sassano v Sassano*, 143 AD2d 893, 895). Although emancipation will suspend the parents' obligation (*see, Matter of Commissioner of Social Servs. [Jones] v Jones-Gamble, supra*, at 619), and a child may be deemed emancipated if the child withdraws from parental control and guidance (*see, Matter of Knoll v Kilcher*, 100 AD2d 686, 687), the proponent of the defense of emancipation has the burden of proof on this issue (*see, Matter of Adamchick v Adamchick*, 136 AD2d 847, 848, *lv denied* 72 NY2d 804). Respondent argues that the child was financially independent and had withdrawn from his control and guidance, however, we disagree as the record shows that she was working approximately 10 hours per week and was not self-supporting. In addition, she attempted to maintain a relationship with respondent by visiting him on a number of occasions.

We further find there is sufficient proof in the record from petitioner's testimony as to increases in costs of living since the time of the original order to justify the minimal increase in child support (*see, Matter of Stimpson v Wise*, 197 AD2d 762, 763).

Mikoll, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.