■ In the Matter of JULIANE MAYER, Respondent, v WILLIAM R. STRAIT, Appellant. [673 NYS2d 777] —Crew III, J. Appeal from an order of the Family Court of Saratoga County (James, J.), entered October 8, 1996, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay child support arrears.

The parties are the parents of two children, born in 1970 and 1974. By order dated July 2, 1982, Family Court (Doran, J.) directed respondent to, *inter alia*, pay child support in the amount of $180 per week (payable biweekly) and ordered the parties to share equally the cost of any uncovered medical or dental expenses incurred by the then-minor children. Although not entirely clear from the record, it appears that the parties subsequently agreed that respondent's child support obligation would be reduced to $90 per week (payable biweekly) upon the eldest child attaining majority. Family Court's 1982 order, together with the parties' subsequent stipulations, was incorporated but not merged in the parties' 1984 judgment of divorce.

Respondent thereafter failed to meet his child support obligations, prompting petitioner to commence this proceeding in March 1995 seeking child support arrears and respondent's share of the unreimbursed medical expenses. Respondent answered and asserted two affirmative defenses—that the youngest child, Sean, was emancipated prior to his 21st birthday and that certain of the moneys sought by petitioner were barred by the applicable Statute of Limitations. It also

appears that, commencing in May 1995, respondent began making payments in the amount of $100 per week toward the accumulated arrears.

In May 1996, a hearing was held and, after receiving testimony from petitioner and respondent, the Hearing Examiner determined, *inter alia*, that petitioner's claims indeed were governed by a six-year Statute of Limitations (beginning Mar. 21, 1989) and, further, as of March 7, 1991, both children were emancipated. Respondent filed objections, contending that the Hearing Examiner incorrectly determined the date of Sean's emancipation and failed to properly credit respondent for certain support payments and, further, that petitioner's claim for unreimbursed medical expenses should be denied due to a lack of proof. Petitioner also filed objections, asserting that the Hearing Examiner had erred in concluding that Sean was emancipated prior to his 21st birthday. Family Court granted the objections only to the extent of agreeing that Sean was not emancipated prior to his 21st birthday and, accordingly, recomputed respondent's support obligations and ordered respondent to pay $37,449.48, less any payments made toward the arrears since May 1995. This appeal by respondent ensued.

Initially, we reject respondent's contention that Family Court erred in concluding that Sean was not emancipated prior to his 21st birthday. Although emancipation indeed will suspend a parent's obligation to support his or her child, none of the circumstances triggering emancipation, i.e., economic independence through employment, entry into military service or marriage (*see, e.g., Matter of Alice C. v Bernard G. C.*, 193 AD2d 97, 105), are present here. Although petitioner testified that Sean did work part time during the relevant time period, the moneys earned by Sean certainly were not sufficient to support a finding of economic independence. Additionally, the record does not demonstrate that Sean withdrew without cause from parental control and guidance (*see, Matter of Shabazian v Shabazian*, 246 AD2d 688, 689; *Matter of Hathaway v Kilroy*, 227 AD2d 702, 703) or that he constructively abandoned respondent by refusing, without cause, all contact and visitation (*see, Matter of Chamberlin v Chamberlin*, 240 AD2d 908, 909-910). Accordingly, respondent was not entitled to a suspension of his support obligation on this basis.

Similarly, we find no merit to respondent's assertion that Family Court incorrectly computed his child support arrears and/or failed to give him proper credit for certain of the voluntary payments made beginning in May 1995. At the hearing

conducted in this matter, respondent conceded that the schedule of delinquent payments compiled by petitioner was accurate with respect to those support payments due between July 1990 and March 1995, when Sean attained majority. As to those payments due during 1989 and the first six months of 1990, although respondent testified that the amounts allegedly due "seem[ed] high", he readily admitted that he had no records, i.e., canceled checks, covering this time period. Having failed to disprove the child support due pursuant to the prior Family Court orders and stipulations and, further, having offered no proof as to the payments voluntarily made by him beginning in May 1995, respondent cannot now be heard to complain.*

We do, however, find merit to respondent's contention that Family Court erred in ordering him to pay $564.98 as his 50% share of Sean's unreimbursed medical and dental expenses. Although petitioner compiled a list of medical expenses allegedly incurred on Sean's behalf, she offered no documentary evidence, i.e., bills, statements or canceled checks, to support her claim in this regard. Absent such proof and considering the conclusory testimony offered on this point, we agree that petitioner's claim for unreimbursed medical expenses has not been substantiated. Accordingly, Family Court's order is modified to the extent that respondent will not be required to reimburse petitioner for these alleged expenses.

Cardona, P. J., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed respondent to pay petitioner $564.98 as his 50% share of unreimbursed medical costs; petitioner's claim for reimbursement of these expenses is denied; and, as so modified, affirmed.

---

* To the extent that petitioner contends that she is entitled to additional arrears due to Family Court's erroneous application of the Statute of Limitations, we need note only that petitioner did not file a notice of appeal.