■ In the Matter of COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES on Behalf of WILLIAM O., Appellant, v RICHARD O. et al., Respondents. [692 NYS2d 496] —Spain, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered August 19, 1998, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondents to pay child support.

The key issue on this appeal is whether respondents' child was emancipated, thereby relieving them of their obligation to pay child support. In 1985, at age five, William O. came into the care and custody of respondents through petitioner as an abused child. Respondents, who were related to William's biological mother, were parents of two older children at the time they took William into their home and, despite behavioral problems, they adopted him three years later. William's childhood was marked by serious behavioral problems including violence, uncooperativeness and destructiveness at home, at school and elsewhere in the community. At 12 years of age William was expelled from school and placed as a PINS in an educational program at a local facility for troubled youth. There, his behavior continued to deteriorate; he was diagnosed as having attention deficit disorder, hyperactivity and seizures and placed on medication.

In December 1996, when he was 16 years old, respondents learned that William was secretly contacting his biological mother and making plans to live with her. At that time, William was in counseling to help prepare him for his reintroduction with his biological mother; however, the plan did not yet call for them to have any direct contact. Shortly thereafter, William voluntarily left respondents' household to live with his biological mother. It is uncontroverted that respondents sincerely objected to his departure and even sought legal advice to see if they could compel him to return home; however, they were informed by William's Law Guardian that they could not compel his return because he was over the age of 16.

Ultimately, by August of 1997, William's relationship with

his biological mother failed and she forced him to leave her home. Thereafter, he lived with his biological maternal grandmother and then with a friend of his biological mother, but never sought during this period to return to respondents' care. In January 1998, petitioner received a referral that William was homeless and he was eventually placed on public assistance in foster care.

Petitioner, on William's behalf, sought reimbursement from respondents for his support. After a hearing, a Hearing Examiner found that the evidence demonstrated that respondents "did everything in [their] power" to help William lead a productive life and, despite such efforts, he abandoned them. The Hearing Examiner dismissed the support petition, concluding that William became emancipated when he voluntarily left respondents' home in order to avoid their control and to live with and pursue a relationship with his birth mother. Upon petitioner's objections, Family Court upheld the Hearing Examiner's determination. Petitioner now appeals.

We affirm. As a general rule, parents are required to support a child until the child attains the age of 21 (*see,* Family Ct Act § 413 [1] [a]). Parents of a child under 21 residing outside their home, who is a recipient of public assistance, may be held responsible for the child's support (*see,* Family Ct Act § 415; Social Services Law § 101 [1]). However, the parents' support obligation is suspended when their child becomes emancipated (*see, Matter of Mayer v Strait,* 251 AD2d 713, 714; *Matter of Shabazian v Shabazian,* 246 AD2d 688, 689). A child may be deemed emancipated when he or she withdraws from parental control or guidance (*see, id.*). Specifically, a child of employable age and in full possession of his or her faculties who voluntarily abandons his or her parents' home against their will, and for the purpose of avoiding parental discipline and control, may be deemed to have forfeited his or her right to parental financial support (*see, Matter of Roe v Doe,* 29 NY2d 188, 193; *Matter of Chamberlin v Chamberlin,* 240 AD2d 908, 909; *Matter of Commissioner of Social Servs. [Jones] v Jones-Gamble,* 227 AD2d 618, 619). Of course, petitioner has no greater rights to support payments than does the public assistance recipient child (*see, Matter of Orange County Dept. of Social Servs. [Clavijo] v Clavijo,* 172 Misc 2d 87, 92).

Here, the record demonstrates that William voluntarily left respondents' home against their wishes to live with his biological mother on her invitation. Despite the fact that, in 1995, William's school had characterized him as emotionally disturbed, the record does not support petitioner's claim that he

was not in full possession of his faculties at the time that he made his decision to leave home. Moreover, there is no showing that respondents drove William from their home or that they encouraged him to leave. To the contrary, respondents genuinely tried to provide for William's needs and to persuade him to remain in their home. While his dislike for respondents' rules and discipline apparently was a factor in his decision to leave, the record does not reflect that their rules or expectations were unreasonable, arbitrary or capricious (*see, Matter of Rubino v Morgan*, 224 AD2d 903, 904; *Matter of Bouchard v Bouchard*, 115 AD2d 887, 889). Indeed, the record supports the conclusion that William voluntarily abandoned them without justification (*see, Matter of Roe v Doe, supra*, at 194; *Matter of Commissioner of Social Servs. [Jones] v Jones-Gamble, supra*, at 619; *Matter of Rubino v Morgan, supra*, at 903-904). Even though William was not financially self-sufficient, he may nevertheless be deemed constructively emancipated based upon his abandonment of his parental home without legitimate cause (*see, Matter of Alice C. v Bernard G.C.*, 193 AD2d 97, 106; *see also, Matter of Roe v Doe, supra*, at 194). This is not—as petitioner argues—a case of an abandoned child but, rather, of abandoned parents (*see, Matter of Parker v Stage*, 43 NY2d 128, 134).

Petitioner's assertion that, when William became homeless he reverted to unemancipated status, is without merit. As noted, respondents met their burden of establishing that William effected his emancipation (*see, Matter of Shabazian v Shabazian*, 246 AD2d 688, 689, *supra*); petitioner then failed to demonstrate that William became unemancipated more than a year later when, homeless and in need of public assistance, he expressed to a representative of petitioner a desire to return home (*see, Craig v Craig*, 24 AD2d 588, 589; *Matter of Sevrie v Sevrie*, 90 Misc 2d 321, 323). Notably, the record does not indicate that William himself made any overt attempts to seek respondents' permission to return home or that he expressed to anyone a willingness to submit to respondents' household rules. Moreover, respondents' fear for their safety was substantiated. In our view, respondents' referral to their attorney of petitioner's inquiries regarding William's possible return home did not constitute a refusal to take him back. Although William may have had a change of heart, under these circumstances, more was required in order to establish unemancipation than his general desire—expressed only to petitioner—to return to his parents' home.

Furthermore, William's receipt of public assistance does not

automatically entitle petitioner to support from respondents, as such support liability is committed to the discretion of the court (*see*, Family Ct Act § 415), and may be denied where, as here, it might lead to an injustice (*see*, *Matter of Parker v Stage*, 43 NY2d 128, 134, *supra*; *Matter of Henry v Boyd*, 99 AD2d 382, 387, *affd* 65 NY2d 645).

Inasmuch as the Hearing Examiner was in the best position to assess the credibility of the witnesses and other evidence offered (*see*, *Matter of Drago v Drago*, 138 AD2d 704, 705), his findings are entitled to great deference (*see*, *Matter of Karrie B. [Paul H.]*, 207 AD2d 1002, *lv denied* 84 NY2d 812). We discern no basis upon which to disturb the Hearing Examiner's conclusion on this record that William emancipated himself and thereafter continued to be emancipated (*see*, *Matter of Rubino v Morgan*, 224 AD2d 903-904, *supra*; *Matter of Drago v Drago*, *supra*, at 705; *see also*, *Matter of Shabazian v Shabazian*, 246 AD2d 688, 689, *supra*). Accordingly, Family Court did not abuse its discretion in refusing to compel respondents to pay for William's support (*see*, *Matter of Parker v Stage*, *supra*, at 135; *Matter of Orange County Dept. of Social Servs. [Clavijo] v Clavijo*, 172 Misc 2d 87, 92, *supra*).

Crew III, J. P., Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.