■ In the Matter of SARA K. CHAMBERS, Respondent, v WILLIAM E. CHAMBERS, Appellant. [742 NYS2d 725] —Rose, J. Appeals (1) from an order of the Family Court of St. Lawrence County (Main, Jr., J.), entered August 8, 2001, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, obligating respondent to pay child support, and (2) from an order of said court (Lumb, H.E.), entered October 17, 2001, which, inter alia, determined the amount of child support.

Petitioner (born December 4, 1981) lived with respondent, her father, from 1996 until July 1999, when she decided to leave because of his insistence that she not have boys in her bedroom with the door closed. She moved into an apartment in a building owned by relatives, and eventually enrolled in college. In March 2001, she brought this proceeding for child support. In opposition, respondent asserted that petitioner is emancipated, and the Hearing Examiner agreed. Family Court, however, rejected respondent's claim that he was, and continues to be, willing and able to provide a home for petitioner, found that petitioner is not emancipated and ordered respondent to pay child support. Respondent appeals.

While a parent's support obligation " 'is a continuing one, the child's right to support and the parent's right to custody and services are reciprocal' " (*Matter of Chamberlin v Chamberlin*, 240 AD2d 908, 909, quoting *Matter of Roe v Doe*, 29 NY2d 188, 193). Thus, when the child asserts his or her independence and " 'voluntarily abandons the parent's home * * * to avoid parental discipline and restraint [that child] forfeits the [right] to support' " (*Matter of Roe v Doe, supra* at 193-194, quoting 67

CJS, Parent and Child § 16, at 699) and, in the court's discretion, may be deemed emancipated even if he or she is not financially self-sufficient (*see, Matter of Parker v Stage*, 43 NY2d 128, 134; *Matter of Columbia County Dept. of Social Servs. v Richard O.*, 262 AD2d 913, 914-915; *Matter of Alice C. v Bernard G.C.*, 193 AD2d 97, 106).

Petitioner concedes that respondent's rule regarding her bedroom was reasonable and that she voluntarily withdrew from his control in order to avoid that rule. She also does not dispute respondent's allegations that he did not direct her to leave and that she was always welcome to return to his custody, but chose not to do so. The record amply demonstrates that respondent's rule was both legitimate and reasonable while she voluntarily violated it and withdrew from his control, thus resulting in her emancipation (*see, Matter of Columbia County Dept. of Social Servs. v Richard O., supra* at 915; *Matter of Rubino v Morgan*, 224 AD2d 903, 904; *Matter of Bouchard v Bouchard*, 115 AD2d 887, 889). Petitioner's contention that she has reverted to unemancipated status because respondent has not sought to contact her, he now approves of her decision to attend college and she has not further defied his wishes, is unavailing. She fails to cite any subsequent event, such as a return to respondent's physical custody, that could have rendered her unemancipated and reinstated his support obligation (*see, Matter of Columbia County Dept. of Social Servs. v Richard O., supra* at 915). Thus, Family Court erred in directing respondent to pay support.

Mercure, J.P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and petition dismissed.