■ In the Matter of ROSALIND B. HOLSCHER, Respondent, v WILLIAM A. HOLSCHER, Appellant. (And Another Related Proceeding.) [772 NYS2d 127]—

Cardona, P.J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered March 13, 2002, which, inter alia, dismissed respondent's application, in a proceeding pursuant to Family Ct Act article 4, for modification of a prior child support order.

In May 2001, the parties stipulated that respondent would pay petitioner $800 per month in child support for the parties' then-unemancipated daughter, Katherine (born in 1981). It was also agreed that respondent owed $3,358 in satisfaction of past support and medical payments. Thereafter, petitioner filed a violation petition in July 2001 alleging nonpayment of support. In August 2001, respondent filed a petition requesting a downward modification or termination of his child support obligation on the basis that he lost his employment and/or Katherine's alleged emancipation based upon financial independence and/or abandonment of the parent-child relationship. Following a hearing on both petitions, the Support Magistrate

found that respondent had not shown diligent efforts in either regaining employment or maintaining a relationship with his daughter and dismissed respondent's petition. As for petitioner's requested relief, the Support Magistrate entered a judgment in the amount of $5,543, finding that respondent had violated the support order. Respondent's objections thereto were denied by Family Court, prompting this appeal.

We do not agree that the denial of respondent's request for a downward modification was an abuse of discretion. Significantly, such a modification may be warranted where a parent can show a sufficient and involuntary change in financial circumstances (*see Matter of Reach v Reach*, 307 AD2d 512, 513 [2003]; *Matter of Meyer v Meyer*, 305 AD2d 756, 757 [2003]; *Matter of Cohen v Hartmann*, 285 AD2d 675, 675 [2001]). Here, respondent, who stated that he received his last paycheck on April 12, 2001, testified that he voluntarily left his employment with a base yearly salary of $109,000 to avoid being fired, but produced no other evidence of the circumstances thereof. Respondent did testify that his former employer disputed his claim for unemployment insurance benefits by stating that he "quit." Based upon the proof submitted by respondent concerning his efforts to obtain new employment, the Support Magistrate found insufficient evidence of due diligence in searching for employment to support his claim of a substantial and involuntary change in circumstances. Given the paucity of proof in this record, that decision was largely a credibility determination to which this Court will accord deference (*see Matter of Frowein v Murray*, 298 AD2d 647, 648 [2002]; *Matter of Phelps v La Point*, 284 AD2d 605, 609 n 5 [2001]).

Turning to respondent's request for termination of child support based on emancipation, we note that children are considered emancipated "if they attain economic independence . . . [or] may be deemed constructively emancipated if, without cause, they withdraw from parental supervision and control" (*Matter of Bogin v Goodrich*, 265 AD2d 779, 781 [1999]; *see Matter of Mayer v Strait*, 251 AD2d 713, 714 [1998]). With respect to financial independence, both petitioner and Katherine testified that Katherine was attending college but still lived with petitioner during school breaks and was home at least twice a month on weekends. Furthermore, Katherine indicated that she was currently unemployed and petitioner was giving her money each month to defray sundry expenses. Under the circumstances, there was no abuse of discretion in the finding that Katherine was not economically independent.

Furthermore, we find no reason to disturb the denial of

respondent's claim of constructive emancipation. Respondent, having the burden of proof on that issue (*see Matter of Shabazian v Shabazian*, 246 AD2d 688, 689 [1998]), failed to produce adequate evidence concerning his specific efforts to encourage a relationship with Katherine or that those efforts had been rebuffed. The only evidence of recent contact between Katherine and respondent was initiated by Katherine. Simply, there was insufficient proof to establish emancipation by abandonment.

Respondent's remaining arguments have been examined and found to be unpersuasive.

Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.