Order, Family Court, Bronx County (Monica Drinane, J), entered on or about October 1, 2007, which, after a hearing, found that respondent father had neglected the subject children, unanimously affirmed, without costs. Order of disposition, same court and Judge, entered on or about November 14, 2007, which, after the fact-finding determination of neglect, placed the child Shaniya B. with petitioner until the completion of the next permanency hearing, unanimously affirmed, without costs.
The record supports the court’s credibility determinations made in connection with its finding that the father neglected the children by using drugs in the home and not participating in any rehabilitation program, and by expelling the oldest child from the home without making any provisions for her food or shelter (Family Ct Act § 1012 [f] [i] [A], [B]; see Matter of Angelyna G., 46 AD3d 304 [2007]). Even if the father’s claim that the oldest child was a persistent delinquent were to be accepted, that would not itself terminate his support obligations (see Matter of Roe v Doe, 29 NY2d 188, 193 [1971]).
• Further, evidence of the father’s neglect of the oldest child and use of physical violence toward both older children supports the implicit finding of derivative neglect of Shaniya, since his “behavior demonstrated such an impaired level of parental judgment as to create a substantial risk of harm for any child in his care” (Matter of Joshua R., 47 AD3d 465, 466 [2008], lv denied 11 NY3d 703 [2008]; see Matter of Vincent M., 193 AD2d 398, 404 [1993]). Concur—Saxe, J.P., Sweeny, Moskowitz, Acosta and Richter, JJ.