In the Matter of JACQUELINE E. JACOBI, Respondent, v STEPHEN J. LEWIS, Appellant. (And Two Other Related Proceedings.) [938 NYS2d 379]—

Peters, J.P.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of three children, including a daughter born in 1992. In March 2010, the daughter, who resided with the father in Tennessee, moved out of the father's residence and began living with her boyfriend. The mother, who lived in New York, commenced a proceeding seeking to terminate her child support obligation. The following month, the mother filed a second petition to modify the support order seeking, among other things, child support from the father on the basis that she had assumed financial responsibility for the daughter. The father filed a cross petition asserting that the daughter's emancipation relieved him of the obligation to support her. Following a hearing, a Support Magistrate found that the daughter had left the father's home of her own free will in order to avoid parental control and, therefore, was constructively emancipated and not entitled to support. Upon the mother's written objections, Family Court concluded that the daughter was not emancipated inasmuch as she was being financially supported by the mother since her departure from the father's home. The father appeals.

"[A] parent's obligation to support a child until he or she reaches age 21 may be suspended where the child, although not financially self sufficient, abandons that parent's home without sufficient cause and withdraws from the parent's control, refusing to comply with reasonable parental demands, under the doctrine of constructive emancipation" (*Matter of Donnelly v Donnelly*, 14 AD3d 811, 812 [2005] [citation omitted]; *see Matter of Parker v Stage*, 43 NY2d 128, 132 [1977]; *Matter of Roe v Doe*, 29 NY2d 188, 193 [1971]; *Matter of Columbia County Dept. of Social Servs. v Richard O.*, 262 AD2d 913, 914-915 [1999]). In other words, "a child who is not financially self-sufficient may nevertheless be deemed emancipated if he or she abandons the parental home without sufficient cause and refuses to comply with reasonable parental demands" (*Matter of Alice C. v Bernard G.C.*, 193 AD2d 97, 106 [1993]; *see Matter of Chambers*

*v Chambers*, 295 AD2d 654, 654-655 [2002]; *Matter of Columbia County Dept. of Social Servs. v Richard O.*, 262 AD2d at 915).

Here, while the record supports Family Court's conclusion that the daughter is not financially independent (*see Matter of Rosalind EE. v William EE.*, 4 AD3d 629, 630 [2004], *lv denied* 3 NY3d 606 [2004]; *Matter of Bogin v Goodrich*, 265 AD2d 779, 781 [1999]), the father's unrefuted testimony at the hearing established that the daughter voluntarily departed from his home and withdrew from his control as a result of his insistence that she follow entirely legitimate and reasonable household rules and standards of behavior.* The father testified that the daughter left his home on March 14, 2010 without his knowledge or permission and that, unaware of her whereabouts, he filed a missing persons report with the local police. The daughter was returned to the father's home by "[j]uvenile services" on April 5, 2010, but left again two days later and moved in with her boyfriend. The father explained that the daughter would sneak her boyfriend into her bedroom when no one else was in the home, skipped school, failed to follow curfew and was arrested, all in defiance of his rules and expectations, and that she moved out of the home because she no longer wanted to be grounded as a result of her failure to abide by his rules. He testified further that, although he put some of the daughter's clothes on the porch at her request, he did not direct her to leave or not to come home, and she was welcome to return to his custody at any time. Having chosen to disregard her father's reasonable mandates and voluntarily abandon his home to avoid his parental discipline and control, the daughter forfeited her right to support from him (*see Matter of Parker v Stage*, 43 NY2d at 134-135; *Matter of Donnelly v Donnelly*, 14 AD3d at 813; *Matter of Chambers v Chambers*, 295 AD2d at 655; *Matter of Columbia County Dept. of Social Servs. v Richard O.*, 262 AD2d at 915; *Matter of Commissioner of Social Servs. v Jones-Gamble*, 227 AD2d 618, 619 [1996]).

Lahtinen, Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as found that the parties' younger daughter was not emancipated and required respondent to pay child support to petitioner for said child; matter remitted to the Family Court of Cortland County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

* Neither party called the daughter as a witness.